IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Plaintiffs | ) ) | No.  07 C 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) | |
| Counter-Claimants, | ) ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Counter-Defendants. | ) ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 2026 |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff and counter-defendant American National Group and related companies ("AIG") has filed an objection to an order dated August 31, 2010, by Magistrate Judge Schenkier, granting class plaintiffs' motion for disclosure of information concerning the "results" of a 2005 investigation conducted by AIG with its counsel into the allegations of under-reporting of workers' compensation premiums involved in this litigation. The instant dispute arises from AIG's answer to an interrogatory that requested, with respect to certain specified AIG divisions, "[w]hether any investigation has been conducted of whether the division engaged in misreporting of workers' compensation premiums, and, if so, the results of the investigation." In its answer to that interrogatory, while preserving all privileges, AIG stated under oath that, "in 2005, AIG, through its counsel, investigated whether any misreporting of workers' compensation premium occurred outside of [the relevant divisions] . . . {and] that these investigations did not result in findings of misreporting by these divisions."

In subsequent discovery proceedings, class plaintiffs sought certain information from witnesses, including an in-house AIG counsel, with respect to the investigation and its "results." AIG objected, and the matter was brought before Magistrate Judge Schenkier. At the August 31, 2010, hearing on this matter, counsel for AIG argued that class plaintiffs were seeking a broad, subject matter waiver as a result of the interrogatory answer, arguing that the answer "does not constitute a subject matter waiver. It certainly constitutes a waiver of any privilege about the fact that there was an investigation or the result because it's been disclosed, but there is no subject matter waiver unless one of two things happened . . . ."

Magistrate Judge Schenkier, held that pursuant to Fed. R. Evid. 502(a), the voluntary interrogatory answer entitled class plaintiffs to take limited discovery with respect to the fact of the investigation and its "result," noting that, "I think that when people in a lawsuit file a sworn interrogatory response that says we did an investigation and it resulted in no findings of misreporting, that they open themselves to some at least limited inquiry to test that interrogatory response."

The court has reviewed the arguments of the parties, and concludes that Judge Schenkier's ruling is not "clearly erroneous or contrary to law," the standard of review required by 28 U.S.C. § 636(b)(1)(A), and Fed. R. Civ. P. 72. The simple fact is that, if AIG intended to protect the "result" of its investigation that included its in-house counsel, it should have asserted the privilege in answering the interrogatory rather than disclosing the substance of the result of that investigation. Having so disclosed the result, this court agrees with Magistrate Judge Schenkier that AIG opened itself to at least limited discovery with respect to that result. The nature and extent of the discovery that is appropriate under this limited waiver is left to the sound discretion of the Magistrate Judge in managing the discovery in this case.[1]

---

[1] By way of example only, the waiver may permit discovery of AIG's employees and attorneys with respect to the methodology of the investigation and the conclusions reached as a result thereof, but may not permit discovery concerning the advice the attorneys gave their client in connection with the investigation

For the foregoing reasons, AIG's objections to Magistrate Judge Schenkier's August 31, 2010, order (Doc. 731) is overruled.

**ENTER:** September 21, 2010

_____
**Robert W. Gettleman
United States District Judge**