# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., </br></br> Plaintiffs, </br></br> v. </br></br> ACE INA HOLDINGS, INC., et al., </br></br> Defendants. | Case No. 07 CV 2898 </br></br> Judge Robert W. Gettleman </br></br> Magistrate Judge Sidney I. Schenkier |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., </br></br> Counter-Claimants, </br></br> v. </br></br> AMERICAN INTERNATIONAL GROUP, INC., et al., </br></br> Counter-Defendants. | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, </br></br> Plaintiffs, </br></br> v. </br></br> AMERICAN INTERNATIONAL GROUP, INC., et al., </br></br> Defendants. | Case No. 09 CV 2026 </br></br> Judge Robert W. Gettleman </br></br> Magistrate Judge Sidney I. Schenkier |

**AIG'S RESPONSE TO CLASS PLAINTIFFS' MOTION TO REFER MOTION FOR CLASS CERTIFICATION TO MAGISTRATE JUDGE SCHENKIER**

Defendant American International Group, Inc. and certain of its current and former subsidiaries that are parties to this action (collectively, "AIG") respectfully submit this response to the motion filed by Safeco Insurance Company of America ("Safeco") and Ohio Casualty Insurance Company ("Ohio Casualty", collectively "Named Plaintiffs") to refer Named Plaintiffs' pending motion for class certification (the "Class Certification Motion") to Magistrate Judge Schenkier.[1]

1. AIG neither consents to nor opposes Named Plaintiffs' motion to refer their pending Class Certification Motion to Magistrate Judge Schenkier for a report and recommendation. Rather, AIG is of the view that the Court has long anticipated the Class Certification Motion, is well aware of its ability to request a report and recommendation from Magistrate Judge Schenkier, and needs no assistance from the parties in deciding whether to choose that course.

2. Nevertheless, AIG makes a few observations. AIG does not quarrel with the notion that Magistrate Judge Schenkier has the ability to evaluate the Class Certification Motion. AIG, however, does not agree with Named Plaintiffs' contention that Magistrate Judge Schenkier's oversight of discovery in this case makes him better able than Judge Gettleman to evaluate the Motion or to review the existing factual record on which it is based. Moreover, the implicit premise of this motion – that referral would obviate the need for Judge Gettleman's substantial involvement – is incorrect. Given the importance of the class certification issue, it is a certainty that any decision by the Magistrate Judge will result in objections from one or both sides. Such objection(s) must be reviewed by Judge Gettleman *de novo*. *See* 18 U.S.C. § 636(b)(1).

---

[1] Contrary to Named Plaintiffs' assertion, the Class Certification is not fully briefed and will not be so until Named Plaintiffs submit their reply memorandum on or before November 8, 2010.

3. The fact that this Court will have to adjudicate objections to any recommendation by Magistrate Judge Schenkier also undercuts Named Plaintiffs' contention that obtaining such a recommendation will expedite the resolution of the Class Certification Motion. Even assuming the Court were to request a recommendation from Magistrate Judge Schenkier immediately upon the motion becoming fully briefed next week, it would take Magistrate Judge Schenkier some time to consider the briefs, conduct any necessary hearings and prepare his report and recommendation. There would then follow another period of weeks or months during which the parties would brief their objections and the Court would consider and decide them based on a *de novo* review. In light of this, AIG is doubtful that seeking a recommendation from Magistrate Judge Schenkier would expedite a decision on the Class Certification Motion. If anything, taking that step seems likely to delay the decision.

4. Finally, in the interest of completeness, AIG takes issue with Named Plaintiffs' characterization of AIG's arguments in opposition to the Class Certification Motion. Contrary to Named Plaintiffs' assertion, AIG has not "conceded most points" but has raised a number of substantial arguments in opposition to certification of the proposed class. Additionally, what Named Plaintiffs arbitrarily label AIG's "lead argument" is not an argument that "class members could economically bring their own claims against AIG." AIG's argument on this point is, rather, that a class action is not a superior mechanism of adjudication here because the members of the putative class have the wherewithal and the incentive to bring claims individually. Moreover, the first sentence of paragraph 4 of the Motion incorrectly summarizes AIG's position, and the Motion leaves out many of AIG's other arguments.

- 3 -

Dated: November 2, 2010

Respectfully submitted,

AMERICAN INTERNATIONAL GROUP, INC., et al.

By: _____/s/ Stephen Novack_____
        One of Their Attorneys

Stephen Novack
P. Andrew Fleming
Andrew D. Campbell
Rebekah H. Parker
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Jennifer J. Barrett
Kevin S. Reed
Quinn Emanuel Urquhart
  & Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **AIG'S RESPONSE TO CLASS PLAINTIFFS' MOTION TO REFER MOTION FOR CLASS CERTIFICATION TO MAGISTRATE JUDGE SCHENKIER** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on November 2, 2010.

/s/ Stephen Novack