**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) |
| | ) |
| | ) |
|                Plaintiffs, | )   No. 07 CV 2898 |
|     vs. | ) |
| | )   District Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) |
| | )   Magistrate Judge Sidney I. Schenkier |
|                Defendants. | ) |
| | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) |
| | ) |
| | ) |
| | )   No. 09 CV 2026 |
| | ) |
| | )   District Judge Robert W. Gettleman |
|                Plaintiffs, | ) |
|     vs. | )   Magistrate Judge Sidney I. Schenkier |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) |
| | ) |
| | ) |
|                Defendants. | ) |

**SETTLEMENT CLASS REPRESENTATIVES'
RULE 24 MOTION TO INTERVENE AND REQUEST FOR
STAY OF RULING ON MOTION FOR CLASS CERTIFICATION**

Plaintiffs in Intervention ACE INA Holdings, Inc., Auto-Owners Insurance Co., Companion Property & Casualty Ins. Co., FirstComp Insurance Co., The Hartford Financial Services Group, Inc., Technology Insurance Co., and The Travelers Indemnity Company ("Travelers") (collectively, "Intervenors" or "Settlement Class Representatives"), by their undersigned counsel, hereby request that this Honorable Court: (i) grant their motion to intervene in Case No. 09 CV 2026 (consolidated with Case No. 07 CV 2898 for discovery

purposes) (together, the "Action" or the "Case") pursuant to Fed. R. Civ. P. 24 for the purpose of: (a) representing their own interests, and (b) presenting a settlement on behalf of a class of similarly situated insurance companies who participate in the National Workers Compensation Reinsurance Pool ("NWCRP") and another similar reinsurance facility; and (ii) stay issuance of a ruling on the pending Motion for Class Certification. In support thereof, the Intervenors state as follows:

1. This Action arises out of the long-term, fraudulent underreporting of workers compensation premium, and evasion of related financial obligations, by Defendant American International Group, Inc. and many of its subsidiaries and affiliates (all of which are collectively referred to as "AIG").

2. The current named plaintiffs in the Action are Safeco Insurance Company of America and Ohio Casualty Insurance Company (collectively, "Safeco," and sometimes "Litigation Class Representatives").

3. Safeco has effectively litigated on behalf of the purported class of "Pool Participating Companies" since the original Class Action Complaint was filed on April 1, 2009 (D.E. # 1). Recently, however, it has become clear that the Litigation Class Representatives cannot adequately represent the absent class members in settling this matter with AIG on fair and reasonable terms at this time due to very different business judgments about the wisdom of continued litigation as opposed to settlement.

4. The Intervenors therefore respectfully request that they be permitted to intervene under Fed. R. Civ. P. 24 in order to represent their own interests, and to serve as Settlement Class Representatives, in order to effectuate a global settlement of these claims

with AIG. The proposed Complaint in Intervention is attached hereto and incorporated by reference herein as Exhibit A.

     5.    Rule 24(a) provides that an applicant is entitled to intervene as a matter of right if the movant claims an interest relating to the property or transaction which is the subject of the action and if the movant is so situated that the disposition of the action may impair or impede the applicant's ability to protect that interest unless the movant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2). Intervention here is both required and appropriate pursuant to Rule 24(a) for several reasons:

    (a)    The Settlement Class Representatives and AIG have executed a Settlement Term Sheet designed to effectuate a global class action settlement that would effectively conclude this complex and protracted action in a manner that is fair and reasonable to all those who wish to participate in the settlement.

    (b)    The seven Intervenors are a cross-section of insurers who participate in the NWCRP, and believe that they represent the interests of the vast majority of the NWCRP Participating Companies. Indeed, the Intervenors constitute a majority of the Board of Governors of the NWCRP.

    (c)    The fairness of the global settlement reached by the Intervenors and AIG is underscored by the support of the authorized representative of governing regulatory authorities in many states around the country, whose involvement in settlement negotiations has been a central catalyst in achieving a resolution of these claims.

    (d)    The Motion to Intervene is timely. The potential harm to the absent class members crystallized after the Settlement Class Representatives learned of the Litigation Class Representatives' rejection of a settlement at this time and on these terms. Since then, the Intervenors have retained counsel and moved promptly to prepare and file their intervention papers.

    (e)    Each of the Intervenors is a Participating Company in the NWCRP, so the resolution of the claims against AIG in this matter will therefore directly impact each Intervenor. If intervention is denied, the interests of the Settlement Class Representatives, and all putative absent class members who have a desire to settle, would be impaired because the Litigation Class Representatives have rejected the global settlement achieved by the Intervenors and AIG. Instead, because of their very different business analysis

of the issues, the Litigation Class Representatives have stated their intention to continue to pursue the litigation against AIG.

(f)     Denial of intervention would undermine the Court's appropriate interest in resolving this class action litigation.  Further, the Settlement Class Representatives and the putative class they wish to represent have a right to present the settlement reached with AIG to the Court.  If intervention is denied, their interests will be subject to continued litigation by uncertified Litigation Class Representatives who have very different business judgments and goals.

6.     For all of these reasons, the Settlement Class Representatives should be allowed to intervene as a matter of right under Fed. R. Civ. P. 24(a).

7.     Alternatively, permissive intervention is warranted.   Pursuant to Rule 24(b), the Court has discretion to permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  In granting permission to intervene under Rule 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b).

8.     The Intervenors' Complaint in Intervention presents questions of fact and law in common with the Action.  This can be seen by comparing the proposed Complaint in Intervention (Exhibit A) with the operative First Amended Class Action Complaint (D.E. # 47) in Case No. 09 CV 2026 and with The Hartford Financial Services Group, Inc.'s Counterclaim against AIG filed in Case No. 07 CV 2898 (D.E. # 698).   In addition, if this case proceeded on a litigation track and a class were certified, the Intervenors and the absent class members would be bound by a final judgment entered in this case, or be required to opt out and pursue their own individual claims against AIG.

9.     Intervention will not unduly delay or impair adjudication of the individual rights of the Litigation Class Representatives, who either can join the settlement

(which the Intervenors hope will occur), or opt out and continue their litigation with AIG. Rather than delay or protract the disposition of at least most of the Case, allowing intervention will permit the Settlement Class Representatives to propose a global resolution to the Court that will greatly curtail litigation expenses, serve the public interest, save the Court substantial judicial resources, and provide a fair, reasonable, and businesslike resolution to this complex and protracted class action litigation.

10.     Until the Court rules on the Settlement Class Representatives' Motion to Intervene and the forthcoming Motion for Preliminary Approval of the Class Action Settlement, the Intervenors request that the Court stay the issuance of a ruling on Litigation Class Representatives' fully-briefed Motion for Class Certification.  (2009 Action, D.E. ## 171-172, 217, 268).  A ruling on the Motion for Class Certification would upset the balance of the settlement (reflected in the executed term sheet) which has been reached, but has not yet been approved by the Court, because such a ruling would substantially strengthen the position of one side to this Action and materially weaken the other.  Either outcome will render a final settlement far more difficult, and perhaps impossible, to achieve for years of litigation to come.  Indeed, after the Court rules on the Motion for Certification, it is almost inevitable that the losing party will seek review of the decision by the Court of Appeals pursuant to the Class Action Fairness Act, and very likely that the Seventh Circuit will accept the interlocutory appeal given the complex nature of the class claims presented in this Case.

WHEREFORE, for the foregoing reasons and the reasons stated in their supporting Memorandum of Law filed herewith, ACE INA Holdings, Inc., Auto-Owners Insurance Co., Companion Property & Casualty Ins. Co., FirstComp Insurance Co., The Hartford Financial Services Group, Inc., Technology Insurance Co., and The Travelers

Indemnity Company respectfully request that this Court: (i) grant their Rule 24 Motion to Intervene allowing them to represent their own interests by filing the attached Complaint in Intervention, and for the additional purpose of presenting a global settlement, and (ii) stay issuance of a ruling on the Motion for Class Certification.  The Intervenors additionally ask for all other and further relief deemed appropriate by the Court.

Dated:  January 5, 2011

Respectfully submitted,

ACE INA HOLDINGS, INC., AUTO-OWNERS INSURANCE CO., COMPANION PROPERTY & CASUALTY INS. CO., FIRSTCOMP INSURANCE CO., THE HARTFORD FINANCIAL SERVICES GROUP, INC., TECHNOLOGY INSURANCE CO., and THE TRAVELERS INDEMNITY COMPANY

By    /s/ Frederic R. Klein
One of Their Attorneys

Frederic R. Klein
Kerry D. Nelson
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000