IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) | |
| Plaintiffs, | ) | No. 07 C 2898 |
| v. | ) ) | |
| | ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., *et al.*, | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) | |
| -------------------------------------------------------- | ) | |
| LIBERTY MUTUAL INSURANCE CO., *et al.*, | ) ) | |
| Counter-Claimants, | ) ) ) | |
| v. | ) ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Counter-defendants. | ) ) | |
| _____ | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 2026 |
| v. | ) ) | Judge Robert W. Gettleman |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.,* | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) | |

## ORDER

This matter comes before the Court for status and motions. For the reasons stated on the record, it is hereby ordered:

1. **Scheduling of non-expert fact discovery.** Prior to the hearing, the parties submitted orders for the completion of non-expert fact discovery that reflected certain agreements and disagreements. During the hearing today, the Court resolved the disagreements, accepted certain agreements of the parties, and rejected other agreements. In particular, the Court ruled as follows:

A. The deadline for completion of all non-retained expert fact discovery, except for certain sampling discovery identified in Section I (F) below, remains **March 15, 2011.**

B. Any further written discovery requests must be served by **Friday, January 14, 2011.** The Court has shortened the time to respond to any additional written discovery served by that date, so that the responses shall be served by **Friday, February 4, 2011.** No new depositions may be noticed, or previously conducted depositions reopened, based on information provided in response to discovery requests served pursuant to this Section. By noon on **Tuesday, January 11, 2011,** each party that seeks to serve additional written discovery must provide the Court with a statement in writing of the type of discovery to be served; the number of requests the party seeks to serve; and the subjects of the requested discovery. The Court will use this information to determine what limits, if any, to impose on the additional written discovery that is sought.

C. The Court expressed concern about the ability of the parties to schedule and complete by March 15, 2011, the 80-plus depositions they already have noticed, much less the dozens of additional depositions they seek to notice. By noon on **Tuesday, January 11, 2011,** each party that seeks to notice additional depositions must provide the Court with a statement in writing identifying the number of additional depositions the party wishes to notice, how many involve non-parties, how many are of individuals and how many are of Rule 30(b)(6) witnesses, and the expected length of each deposition that the party has noticed or seeks to notice. The Court will use that

information to determine what limits to impose on the total number of depositions that may be taken. If the Court perceives that there is difficulty or delay in scheduling party depositions, the Court will set specific dates for each remaining deposition.

D. The Court rules that requests for admissions may not be served after March 15, 2011. Counsel for Liberty suggested that those requests would eliminate disputes about foundation for documents to be used at trial. The Court directs the parties to resolve those disputes by agreeing to stipulations.

E. The Court adopts the parties' agreement that persons who have not been deposed, but who submit affidavits on summary judgment or who appear on trial witness lists, may be deposed by agreement after March 15, 2011.

F. With respect to sampling discovery, the Court ruled that: (1) sampling-related discovery of Other Divisions (AIG Divisions 18, 24, 58, 59, 73 and 82, along with Division 50 for the period after 1996) shall be completed by **June 29, 2011** and shall be limited to matters disclosed in the files produced in connection with sampling, absent a showing by Class Plaintiffs or by Liberty that the results of the sampling establish good cause to allow general discovery into Divisions 58, 59 and/or 73; (2) all sampling-related discovery into Division 50 (for the period prior to 1997) and 55 shall be completed by **March 15, 2011**; and (3) in depositions of AIG witnesses concerning the sampling-related discovery of Other Divisions after **March 15, 2011**, the AIG witnesses may not be asked generally about matters pertaining to Divisions 50 and 55.

G. The Court will defer discussion of scheduling expert discovery to a later time.

By the close of business on **Monday, January 10, 2011,** parties shall submit a proposed scheduling order that embodies the foregoing rulings.

3

2. **Liberty's oral motion for new sampling.** Liberty seeks approval for another round of sampling of files from Divisions 50 and 55: specifically, a sample drawn from 400 or so AIG files that Liberty identified as showing losses but no premium received. The Court sets the following briefing schedule on that motion: Liberty shall file a supporting memorandum by **January 12, 2011**, and AIG shall file a response by **January 19, 2011.** Neither memorandum may exceed 10 pages, double spaced. The Court will then take the matter under advisement, and inform the parties in writing of its ruling or if the Court wishes oral argument.

3. **December 23, 2010 joint agenda items.** The Court issued the following rulings on the outstanding items raised in that agenda:

A. With respect to Class Plaintiffs' challenge to the sufficiency of AIG's search for documents stored at Iron Mountain, the Court orders AIG to do the following by **January 13, 2011**: (1) for those boxes which have no indices, AIG shall set forth in writing the number of boxes and the volume of documents they contain; whether the documents are stored in a way that allows them to be identified by date range; the location at AIG where the documents were located before being shipped to storage; and any other information that would identify the documents in some way (such as, custodian information); (2) for the documents identified by the Class Plaintiffs in the joint agenda ("the documents") as referring to other documents that AIG has not produced ("the missing documents"), AIG shall set forth in writing whether the documents were produced from files stored at Iron Mountain, and if so, from what box(es) they were produced; (3) if the documents were produced from boxes at Iron Mountain, AIG shall search the boxes from which the documents were produced to attempt to locate the missing documents and shall state in writing the results of the search; and (4) if the documents were not produced from files at Iron Mountain, but the missing

4

documents bear dates within the time period that documents at Iron Mountain have been indexed, then AIG shall search the boxes with documents covering the date range of the missing documents in an attempt to locate them and shall state in writing the results of that effort. Upon reviewing this information, the Court will consider whether any further action is required.

B. With respect to Class Plaintiffs' challenge to the sufficiency of AIG's search for documents regarding Divisions 54 and 82 required by the September 23, 2010 order, the Court orders that AIG contact those current employees who were responsible for coding premium for multiline policies in Division 50 and who also had responsibility for coding premium for multiline policies in Divisions 54 and 82 to attempt to locate responsive documents. The Court further orders that by **January 19, 2011**, AIG report on the results of those contacts and whether they have resulted in AIG locating responsive documents. Any responsive documents located shall be produced by **January 26, 2011**.

C. With respect to Class Plaintiffs' challenge to AIG's privilege objections to certain questions asked in the Grano deposition, the Court rules that its August 31, 2010 order requires that Mr. Grano answer questions about any investigation he was asked to do into alleged under-reporting in AIG's Other Divisions in 2005; what investigation he performed and how that investigation was conducted; what he learned in the investigation and what conclusions he drew; and what he reported to Mr. Dixon about the investigation, the results, and the conclusions. Mr. Grano shall be produced for deposition to answer those questions at a time mutually agreeable to the parties.

4.    **Agenda items for January 13, 2011 hearing.** At this hearing, the Court will address the following matters: (a) discovery scheduling and limitations; (b) AIG's comments and objections to Dr. Kadane's sampling plan for certain AIG divisions; (c) the non-alleged under-reporting

defendants' motion to compel (07 C 2898: doc. # 803); (d) AIG's motion for ruling on certain confidentiality designations by Liberty (07 C 2898: doc. # 758); and (e) Liberty's motion for a ruling on certain confidentiality designations of AIG (07 C 2898: doc. # 799).

**Next Hearing Date.** The matter is set for a hearing with the magistrate judge on January 13, 2011, at 10:00 a.m.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: January 5, 2011

6