IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 CV 2898 |
| vs. | ) ) | |
| | ) | District Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) ) | |
| | ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) | |
| | | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) | No. 09 CV 2026 |
| | ) | District Judge Robert W. Gettleman |
| Plaintiffs, | ) ) | |
| vs. | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**SETTLEMENT CLASS REPRESENTATIVES'
<u>RULE 16 PROPOSAL FOR BRIEFING SCHEDULE</u>**

Plaintiffs in Intervention ACE INA Holdings, Inc., Auto-Owners Insurance Co., Companion Property & Casualty Ins. Co., FirstComp Insurance Co., The Hartford Financial Services Group, Inc., Technology Insurance Co., and The Travelers Indemnity Company (collectively, "Intervenors" or "Settlement Class Representatives"), by their undersigned counsel, hereby submit this proposal for briefing their Rule 24 Motion to

Intervene and Request for Stay of Ruling on Motion for Class Certification ("Motion to Intervene") (D.E. # 291.)[1]

The Intervenors request two forms of relief in their Motion to Intervene: (i) that the Court allow them to represent their own interests, and the interests of some 500 other companies, in order to effectuate a global settlement in accordance with the executed Settlement Term Sheet of January 5, 2011 (Exhibit A to their Memorandum of Law in support of the Motion to Intervene) (D.E. # 293-1), and (ii) that the Court stay issuance of a ruling on the pending Motion for Class Certification so as not to harm, or worse eliminate, the possibility of settlement for the foreseeable future.

On January 10, 2011, the Litigation Class Representatives filed "Class Plaintiffs' Opposition to Proposed Intervenors' Request for Stay of Ruling on Motion for Class Certification and Class Plaintiffs' Alternative Request for Expedited Discovery and Briefing Schedule on Rule 24 Motion to Intervene" (the "Opposition"). (D.E. # 295.) Most of the Opposition is a detailed and substantive responsive brief to the Motion to Intervene. *See* pages 1-4, 8-12 all arguing about intervention. Nevertheless, Litigation Class Representatives request expedited discovery regarding intervention, discovery regarding the negotiations that led to the Settlement Term Sheet, and the chance some time in the future to file a second substantive brief in opposition to the Motion to Intervene. (*Id.* at 10-11.) These requests should be denied.

First, the Litigation Class Representatives should marshal all of their arguments on intervention -- the gating or threshold issue here -- and file one brief, rather than assuming that the Court will permit seriatim briefing. If the Litigation Class

---

[1] To the extent not re-defined in this Rule 16 Proposal for Briefing Schedule, the Intervenors incorporate by reference the defined terms contained in their Rule 24 Motion to Intervene.

2

Representatives stand on their Opposition, the Intervenors, with the Court's permission, will file their reply brief by January 21, 2011. If the Litigation Class Representatives are allowed to file a second substantive brief on the intervention issues within the next week, the Intervenors will file their reply brief one week later. In any event, the Court should not be inundated with numerous piecemeal filings.

Second, it would not be useful or appropriate to permit discovery regarding the Motion to Intervene for four reasons:

(a) Litigation Class Representatives have admitted in recent filings with the Court that intervention under Rule 24 is entirely appropriate (s*ee* D.E. # 293-1, Memorandum in Support of Motion to Intervene at 1):

- "Any class member that wishes to intervene can do so." (2009 Action, D.E. # 172, 7/16/2010, Plaintiffs' Memorandum in Support of Motion for Class Certification at 13)

- "[P]utative class members are able to monitor developments in this case . . . [and] are fully capable of deciding to opt out (or intervene) if they believe they need to protect their own interests." D.E. # 268, 11/03/2010, Plaintiffs' Reply Memorandum in Support of Motion for Class Certification at 49.

The Litigation Class Representatives claim that they need expedited discovery to attack the timeliness of the intervention, but they ignore the fact that as of November 3, 2010, they actually invited intervention. Moreover, one of their supporting Declarations (see Elden Dec. at ¶ 17) shows that they met with Intervenors' counsel and others on December 20, 2010 in an effort to dissuade the Intervenors from coming into the case to seek approval of a global settlement. The Settlement Term Sheet was executed a few weeks later on January 5, 2011, the date of the intervention.

3

(b) The case law is clear that the Intervenors have the right, as a matter of law, to intervene in a class action case where their property rights and interests are at stake (s*ee* D.E. # 293-1, Memorandum in Support of Motion to Intervene at 11-14).

(c) Litigation Class Representatives conceded in their Opposition that they are <u>not</u> adequate representatives for the Intervenors and other class members who wish to settle on the terms reflected in the Settlement Term Sheet agreed to by AIG and the Intervenors (*see* Opposition at 1) ("Class Plaintiffs are willing to settle, <u>but not on the basis outlined in the Term Sheet</u>") (emphasis added) [2].

(d) The discovery sought by Litigation Class Representatives is beyond the scope of the issues presented in the Motion to Intervene, and will have no bearing on (i) their admissions in their class certification briefs that intervention is appropriate, (ii) the case law favoring intervention in the class action setting, and (iii) their admitted inadequacy to represent companies who have executed the Settlement Term Sheet and wish to effectuate a global resolution on these terms at this time.

In their Opposition, the Litigation Class Representatives also argue about the fairness of the Settlement Term Sheet, and make assertions (many of them erroneous and incomplete) about the historical events, negotiations, and analysis leading up to the execution of this document. The time to address the settlement substantively and procedurally will be when the Settlement Agreement with all exhibits is executed and filed with the Court, and is

---

[2] In their Memorandum of Law filed in support of the Motion to Intervene, the Settlement Class Representatives stated that the NWCRP Board of Governors "must formally approve the filing of the executed Settlement Term Sheet. The Intervenors anticipate that this approval will be granted on January 6, 2011." (D.E. # 293-1, at 2, n. 2.) The Intervenors now report to the Court that the NWCRP Board of Governors granted their approval on January 6, 2011. Accordingly, the Settlement Term Sheet has the support of (a) the seven Intervenors; (b) the NWCRP Board of Governors; (c) David Leslie, the "Examiner in Charge" authorized by the insurance departments of the "Lead States" to conduct a multi-year examination of AIG's underreporting of workers compensation premium; and (d) AIG.

4

presented for preliminary approval. Any arguments regarding the fairness of the settlement are premature at this stage.

For these reasons, the Intervenors respectfully request that, at or subsequent to the hearing on the Motion to Intervene, the Court enter one of the following two scheduling orders: (a) if Litigation Class Representatives wish to file a second substantive responsive brief addressed to the Motion to Intervene, the Intervenors request that the Court set a short deadline for the Litigation Class Representatives' response, and a short deadline for the Intervenors' reply; or (b) if Litigation Class Representatives wish to rest on the brief they filed on January 10, 2011, the Intervenors request that they be given until January 21, 2011 to file a reply.

Dated: January 12, 2011

                                          Respectfully submitted,

                                          ACE INA HOLDINGS, INC., AUTO-OWNERS INSURANCE CO., COMPANION PROPERTY & CASUALTY INS. CO., FIRSTCOMP INSURANCE CO., THE HARTFORD FINANCIAL SERVICES GROUP, INC., TECHNOLOGY INSURANCE CO., and THE TRAVELERS INDEMNITY COMPANY

                                          By    /s/ Kerry D. Nelson
                                                     One of Their Attorneys

Frederic R. Klein
Kerry D. Nelson
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000