**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 CV 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Counter-Defendants. | ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., | ) ) ) | Case No. 09 CV 2026 |
| Plaintiffs, | ) ) ) | Judge Robert W. Gettleman |
| v. | ) ) | Magistrate Judge Sidney I. Schenkier |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**AIG'S RESPONSE TO CLASS PLAINTIFFS' OPPOSITION
TO PROPOSED INTERVENORS' REQUEST FOR STAY
OF RULING ON MOTION FOR CLASS CERTIFICATION
AND CLASS PLAINTIFFS' ALTERNATIVE REQUEST
FOR EXPEDITED DISCOVERY AND BRIEFING
SCHEDULE ON RULE 24 MOTION TO INTERVENE**

AIG respectfully submits this memorandum in response to Class Plaintiffs' Opposition to Proposed Intervenors' Request For Stay Of Ruling On Motion For Class Certification And Class Plaintiffs' Alternative Request For Expedited Discovery And Briefing Schedule on Rule 24 Motion To Intervene (the "Opposition").

Class Plaintiffs' Opposition consists almost entirely of premature arguments attacking the merits of the expected settlement and impugning the motives of those involved in it. AIG will address such arguments at the appropriate time – but that is not now. The only matters presently before the Court are a motion by certain parties to intervene and a request to stay the Court's ruling on Class Plaintiffs' pending motion for class certification. At this point, AIG makes only four limited points.

*First*, contrary to Class Plaintiffs' claim, AIG has not conceded that the class proposed by Class Plaintiffs should be certified. The expected settlement reflects AIG's conclusion that the settlement class specified in the agreed-upon term sheet now before the Court is an efficient mechanism to settle the claims at issue here. It does not reflect a concession that the class proposed by Class Plaintiffs, or the class action mechanism generally, is an efficient or superior means to *litigate* those claims.

*Second*, AIG did not rebuff Class Plaintiffs' efforts to negotiate a settlement with AIG; nor did AIG exclude Class Plaintiffs from settlement negotiations that resulted in the agreed-upon term sheet. AIG merely – and properly – rejected Class Plaintiffs' claim that they were the sole parties with whom AIG could negotiate the settlement of the claims set forth in the current

class action complaint. (Elden Dec., Ex. 3 at 2 (citing *Resnick v. Am. Dental Ass'n*, 95 F.R.D. 372, 376 n.6 (N.D. Ill. 1982) ("Before certification [the anti-contact rule] does not apply because the potential class members are not yet "represented by" counsel.") (citing Cada v. Costa Line, Inc., 93 F.R.D. 95, 98 (N.D. Ill. 1981)); ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 07-445 (2007) ("A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired.").

AIG also made clear that Class Plaintiffs were welcome to participate in the settlement negotiations. (Elden Dec., Ex. 3 at 3, Ex. 5 at 1.) Indeed, counsel for Class Plaintiffs were present at the meeting when AIG first presented the settlement proposal that ultimately led to the agreement reflected in the term sheet. Class Plaintiffs elected not to participate in a meaningful way after that meeting, apparently as a result of their having concluded that AIG's settlement proposal was not what *they* wanted.

*Third,* AIG does not view the term sheet as a "one-way option to settle." As AIG will detail at the appropriate time, the contingencies specified in the term sheet are either standard in class action settlements or reasonable and necessary in the context of this case. Moreover, one of those contingencies, the AIG Board of Directors' approval of the key terms of the proposed settlement, has already been satisfied.

*Finally*, the Opposition reveals that Class Plaintiffs – two Liberty Mutual insurance companies – have spent more than *$10 million* representing the putative class. That is a remarkable fact when one considers that Liberty Mutual is simultaneously litigating identical claims in the separate, consolidated action it filed on its own behalf. Liberty cannot legitimately

-2-

obtain any recovery for itself in the class action greater than it could achieve in its individual action. The question, therefore, arises: Has Liberty spent $10 million on the class action in an altruistic bid to secure a damages recovery for a class of its competitors, or is Liberty prosecuting the class action – and seeking to control settlement – to serve its own strategic interests by seeking to inflict more harm on AIG in a class action than it could seek to do on its own. AIG submits the answer to that question is self-evident and should inform the Court's consideration of Liberty's position on this motion and in subsequent proceedings.[1]

Dated: January 12, 2011

AMERICAN INTERNATIONAL GROUP, INC., et al.,

By:     /s/ Rebekah H. Parker
           One of Their Attorneys

Stephen Novack
Andrew D. Campbell
Rebekah H. Parker
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Kevin S. Reed
Jennifer J. Barrett
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
Doc# 407988

---

[1] We do not understand Liberty to be arguing that Class Plaintiffs' expenditure of fees entitles them to represent the class and control settlement, as any such argument would be frivolous.

-3-

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing **AIG's Response To Class Plaintiffs' Opposition To Proposed Intervenors' Request For Stay Of Ruling On Motion For Class Certification And Class Plaintiffs' Alternative Request For Expedited Discovery And Briefing Schedule On Rule 24 Motion To Intervene** by causing copies to be sent by U.S. District Court CM/ECF e-filing system on the 12th day of January, 2011.

        /s/ Rebekah H. Parker