**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07 CV 2898 |
| ) | |
| ACE INA HOLDINGS, INC., et al., ) | |
| ) | Judge Robert W. Gettleman |
| Defendants ) | |
| _____ ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., ) | |
| ) | |
| Counter-Defendants. ) | |
| _____ ) | |
| ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, ) | Case No. 09 CV 2026 |
| ) | |
| ) | Judge Robert W. Gettleman |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**CLASS PLAINTIFFS' MOTION FOR ORDER DIRECTING INTERVENORS TO**
**PERMIT THEM TO PARTICIPATE IN SETTLEMENT NEGOTIATIONS AND**
**JOINDER IN LIBERTY MUTUAL'S MOTION REQUESTING IDENTICAL RELIEF**

Ohio Casualty Insurance Company and Safeco Insurance Company of America (collectively, "Class Plaintiffs") hereby move the Court for an Order directing Intervenors to permit Class Plaintiffs to participate in ongoing settlement negotiations concerning Case No. 09 CV 2026 (hereinafter "Class Action").  In addition, Class Plaintiffs join Liberty Mutual's previously filed Motion requesting the same relief.  In support of their motion, Class Plaintiffs state as follows:

## I.    BACKGROUND

1.    On January 5, 2011, certain participating members of the National Workers Compensation Reinsurance Pool ("NWCRP"),  some of which are defendants in the above-captioned Case No. 07 CV 2898 ("Intervenors"), filed a motion to intervene in the Class Action, and requested that this Court stay its ruling on the pending motion for class certification. (Dkt. 291.)  AIG filed a "response" to the motion to intervene, adopting the position of the Intervenors. (Dkt. 295.)

2.    Class Plaintiffs filed their opposition to Intervenors' request for a stay on January 10, 2011.  (Dkt. 299.)  In that opposition, Class Plaintiffs contended that Intervenors were so conflicted they could never be approved under Fed.R.Civ.P. 23(a)(4), that the Court "must determine" under Fed.R.Civ.P 23(c)(1)(A) ("at an early practicable time after a person sues") our much earlier motion to certify and that the proposed settlement could not withstand scrutiny as "fair, reasonable, and adequate" under Fed.R.Civ.P. 23(e)(2)

3.    AIG responded to Class Plaintiffs on January 12, 2011 (Dkt. 304).  AIG claimed that, to date, Class Plaintiffs have been "welcome to participate in the settlement negotiations." (*Id.* at 2.)  As Class Plaintiffs demonstrated in their opposition to the intervention, that statement is inaccurate, and, in fact, Class Plaintiffs have been excluded from participation in negotiations. *See*, Dkt. 306-1, Declaration of Gary M. Elden and Exhibits 1-6 thereto.

4.      The Court heard oral argument on the motion to intervene and stay request on January 13, 2011.  During that argument, the Court directed counsel for Intervenors to permit Class Plaintiffs and other interested parties to participate in the ongoing settlement negotiations, explaining that, *"I am mindful of what Mr. Elden said about being kept from the table.  You know, your proposed settlement class includes his clients.  So they should be at the table.  There should be no closed doors here as far as settling on a class-wide basis, because otherwise, you know, there may indeed be a lot of room to resolve at least some, if not all, of the issues between the two of you, between the two sides here*."   (1/13/11 Hearing at 46, attached hereto as Exhibit A.)

5.      In accordance with the Court's directive, immediately following the January 13 hearing, counsel for Class Plaintiffs wrote to Intervenors' counsel seeking confirmation that Class Plaintiffs' counsel would be provided "advance notice and an opportunity to participate" in further settlement negotiations or communications.   (1/13/11 5:03 pm email from Sitzer to Klein, attached hereto as Exhibit B.)[1]

6.      Rather than confirming that Class Plaintiffs' counsel would be notified and permitted to participate in such discussions, Intervenors' counsel responded on January 17, 2011 by seeking to impose conditions on Class Plaintiffs' participation and by demanding answers to three questions:  (1) whether [Class Plaintiffs are]  "withdrawing [their] opposition to the Settlement Term Sheet," (2) whether they "intend[] to help effectuate a settlement in accordance with the terms set forth in the Settlement Term Sheet,'" and (3) whether *Liberty Mutual* intended

---

[1]      As described in more detail in Liberty Mutual's accompanying Motion, which Class Plaintiffs join, Liberty Mutual also requested that it be permitted to participate in further settlement negotiations, and also engaged in correspondence with Intervenors' counsel to that effect.  *See* Liberty's Motion (Dkt. 821) at ¶ ¶ 5-11.

to sue "the other AUR's, including ACE , The Hartford, Sentry and Travelers."  (Ex. B, 1/17/11

2:18 pm email from Klein to Sitzer.)

  7.  Class Plaintiffs' counsel responded the next day, reminding Intervenors' counsel

that the Court had directed Intervenors to permit Class Plaintiffs to participate in the

negotiations, and that the Court had not placed such conditions or prerequisites on that directive.

(Ex. B, 1/18/11 2:05 pm email from Sitzer to Klein.)

  8.  Intervenors' counsel responded on January 19, again refusing to confirm that

Class Plaintiffs would be permitted to participate, and, indeed, implying in strong terms that

Intervenors did not intend to abide by the Court's directive that Class Plaintiffs be invited to

participate in further discussions.  (Ex. C, 1/19/11 email from Klein to Sitzer.)

  9.  Counsel for Class Plaintiffs, Liberty Mutual, the Intervenors and the Pool Board

met and conferred on January 19, 2011.  Intervenors' counsel then disclosed that discussions

regarding allocation have taken place without Class Plaintiffs' counsel since the January 13

hearing.  While counsel for the Intervenors advised that he would provide Class Plaintiffs and

Liberty Mutual with an advance copy of the draft settlement agreement, and would consider any

comments Class Plaintiffs and Liberty Mutual on settlement or allocation terms, counsel also

confirmed that Class Plaintiffs and Liberty Mutual would continue to be excluded from

participating in any discussions among the Intervenors or between the Intervenors and AIG,

concerning the development or negotiation of those terms.

## II.  ARGUMENT

  10.  The Court should enforce its clear January 13 directive that Class Plaintiffs' be

permitted to participate in ongoing settlement negotiations.  "There should be no closed doors

here as far as settling on a class-wide basis…."  (*See* Ex. A, 1/13/11 Trans. at 46.)

11.     As counsel for Intervenors admitted on January 13, the proposed settlement is not "fully fleshed out," and negotiations are continuing – including, as Intervenors' counsel noted, discussions that will purportedly be "technical and complex on the plan of allocation," which counsel identified as "a critical document." (*See* Ex. A, 1/13/11 Trans. at 46-47. )

WHEREFORE, Class Plaintiffs respectfully request that the Court enter an order directing Intervenors to: (1) notify counsel for Class Plaintiffs in advance of all settlement negotiations and discussions, whether in person or telephonic; (2) permit Class Plaintiffs and its counsel to participate in all such meetings and discussions; (3) identify all settlement meetings and discussions that took place between January 13, 2011 and the entry of this order, the dates and participants in all such meetings and discussions; and (4) produce all documents and notes created or disseminated in advance of, during, or following all such meetings and discussions.

Dated: January 20, 2011

Respectfully submitted,

SAFECO INSURANCE COMPANY OF AMERICA AND OHIO CASUALTY INSURANCE COMPANY


By:     s/ Matthew O. Sitzer
One of their Attorneys

Gary M. Elden
Matthew O. Sitzer
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
(312) 704-7700
gelden@grippoelden.com
msitzer@grippoelden.com

Michael A. Walsh
Allison D. Burroughs
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, Massachusetts 02110
Telephone: (617) 439-2775
mwalsh@nutter.com
aburroughs@nutter.com

1074400

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on January 20, 2011, I caused a true and correct copy of the foregoing **CLASS PLAINTIFFS' MOTION FOR ORDER DIRECTING INTERVENORS TO PERMIT THEM TO PARTICIPATE IN SETTLEMENT NEGOTIATIONS AND JOINDER IN LIBERTY MUTUAL'S MOTION REQUESTING IDENTICAL RELIEF** to be filed with the Clerk of the Court and served using the CM/ECF e-filing system upon all counsel of record.

s/ Matthew O. Sitzer
Matthew O. Sitzer

# EXHIBIT A

1

1            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3   AMERICAN INTERNATIONAL GROUP,    )
    INC., et al.,                    )
4               Plaintiffs,          )    No. 07 C 2898
            v.                       )    Chicago, Illinois
5                                    )    January 13, 2011
    ACE INA HOLDINGS, INC., et al.,  )    10:30 a.m.
6                                    )
    _____Defendants._____ )
7   LIBERTY MUTUAL INSURANCE CO., et al.,)
                                     )
8               Counter-Claimants,   )
                                     )
9           v.                       )
                                     )
10  AMERICAN INTERNATIONAL GROUP, INC., )
    et al.,                          )
11  _____Counter-Defendants._ )
12  SAFECO INSURANCE COMPANY OF AMERICA, )
    INC., et al.                     )
13                                   )
                Plaintiffs,          )    No. 09 C 2026
14                                   )
            v.                       )
15                                   )
    AMERICAN INTERNATIONAL GROUP, INC., )
16  et al.,                          )
                                     )
17  _____Defendants._____ )

18

           TRANSCRIPT OF PROCEEDINGS - MOTIONS
19

        BEFORE THE HONORABLE ROBERT W. GETTLEMAN and
20

      HON. PRESIDING MAGISTRATE JUDGE SIDNEY I. SCHENKIER
21

22

23  Official Reporter:      JENNIFER S. COSTALES, CRR, RMR
                            219 South Dearborn Street
24                          Room 1706
                            Chicago, Illinois 60604
25                          (312) 427-5351

1  this dragging out, because one thing Mr. Elden has said that I

2  agree with, and that is unnecessary delay would be very upsetting

3  to me.

4       I mean, if he's right, if his prediction is right about

5  this thing just being in a sense a sham of some sort, I don't

6  mean unethically or anything else, but just an exercise in

7  futility, I'll be very unhappy with that as well.  And I think

8  that you understand that you're sticking your neck out a little

9  bit in saying what you said today about this, the likelihood of

10 this succeeding and reducing this litigation.

11      I mean, look how many people we have here today.  This

12 doesn't happen too often.  This isn't an MDL.  It's bigger than

13 an MDL in a sense.

14      But I think you have a right to intervene, frankly.

15 Whether you have a right to get a preliminary approval or

16 anything else, I think you're going to have to work on that.  And

17 you have the burden of convincing me.  And Mr. Elden is going to

18 get the same chance that you would have opposing the

19 intervention, in a sense the same arguments you're making you'll

20 be able to make against any type of plan.  You know what the

21 basic terms are, not all the nuts and bolts and all the little

22 details, but you know what the basic terms of the deal are.

23      So I want to talk now about what happens between now and

24 the time we get a motion for preliminary approval, which I want

25 to be sooner rather than later.  So I think people -- you've been

1 working on this since November.  You know, you've known what

2 these basic terms are.  I'm told by both of you that you've known

3 the figure.  I would think the allocation is going to be a very

4 difficult task to make it fair to everybody.  But that's your

5 burden as well, both settling sides, if you will.

6          And I am also mindful of what Mr. Elden said about being

7 kept from the table.  You know, your proposed settlement class

8 includes his clients.  So they should be at the table.  There

9 should be no closed doors here as far as settling on a class-wide

10 basis, because otherwise, you know, there may indeed be a lot of

11 room to resolve at least some, if not all, of the issues between

12 the two of you, between the two sides here.

13          But I think what I'd like you to discuss now while Judge

14 Schenkier is here, and I've only got one little microphone, we'll

15 share it, and that is what do you think you would need to do

16 knowing what you know today to get a jump on any type of response

17 you would have to the anticipated motion for approval of,

18 preliminary approval of a settlement?

19          MR. KLEIN:  Your Honor, our focus is going to be on the

20 settlement agreement and the exhibits and getting it fully

21 fleshed out.  And we have already started that process.  As I

22 mentioned earlier, we're meeting today on a plan of allocation.

23 It is going to be technical and complex on the plan of

24 allocation, which is why we're going beyond the lawyer sphere to

25 bring in the experts at NCCI and other experts, too, because

1  that's a critical document, it's a complex document, technical.

2  But that's why we're moving fast on that.

3      We do want this to be on a fast track, Your Honor.  We

4  want to know whether we're going to be able to settle on this

5  basis or not, and the only way we can do that is to accelerate.

6  That's our objective.

7      MAGISTRATE JUDGE SCHENKIER:  What are you suggesting for

8  a date to file a motion for certification of a settlement class

9  and preliminary approval of a class settlement?

10      MR. KLEIN:  Your Honor, I was suggesting earlier we'd

11  like to come back in two weeks.  If we have done the settlement

12  agreement by that date with the exhibits, the motion will have

13  been filed by then.  If we haven't made it and we need a few more

14  days, we'll tell you we're down to the short strokes, and we'll

15  be filing a motion for preliminary approval a few days down the

16  line.

17      But this thing should not fester.  It has to move

18  forward.  And that's our objective.

19      MR. ELDEN:  Your Honor, I don't know if that --

20      JUDGE GETTLEMAN:  Mr. Elden, I'd like to know what, and

21  I'm not going to suggest that you should commit to anything at

22  this point, but I'd like to know what you could anticipate

23  needing to do between now and then?

24      MR. ELDEN:  Your Honor, there is four areas of discovery

25  that I'd like to talk about just quickly each of them.  Sampling

1 is currently designed, scheduled to end June 29. We would ask

2 that stay in place and not be changed. We need that even if it's

3 just individuals going forward with the case. And we need it to

4 evaluate fairness. And I think we're going to be able to use it

5 to demonstrate the utter unfairness of this amount, so we'd

6 particularly like that to stay in place.

7      Merits discovery otherwise goes to March 15. We would

8 like that more or less to stay in place. But if it slipped a

9 little, we could live with that, given that we may have to do

10 some other things in the meantime and since that's ahead of

11 everything else.

12      And, finally, there is discovery against the alleged

13 underreporters that AIG has sued. It sounds like this, in order

14 to evaluate fairness here, we're going to have to get into these

15 claims. Do they have merit? Don't they have merit? Up till now

16 we haven't spent much time on that. We would ask that that

17 cut-off also remain in place, July 29, and we will just have to

18 get involved in that.

19      There is one new category of discovery, and we ask that

20 that simply be overlaid on what is already there. We'll just

21 have to work harder and do multitrack depositions, which is class

22 adequacy discovery. In other words, we don't want to have this

23 case slowed down by what's happening here. We'll just do two

24 things at once.

25      And on class adequacy discovery, we are willing to limit

# EXHIBIT B

**From:** Sitzer, Matthew O.
**Sent:** Tuesday, January 18, 2011 2:05 PM
**To:** 'Klein, Frederic'
**Cc:** Elden, Gary M.; Miller, Gary M.; mwalsh@nutter.com; Nelson, Kerry; Meyers, William C.
**Subject:** RE: Settlement Discussions

Fred:

As you know, Judge Gettleman did not place any conditions or restrictions on his directive that Class Plaintiffs be permitted to participate in settlement meetings from this point forward, and we expect you to abide by it. As you also know from our statements in open Court last week, among its other infirmities, the Class Plaintiffs believe the settlement proposed by the Intervenors and AIG is unfairly low, and, thus, we do not support it. That said, since we have been excluded from your discussions thus far, we are interested in what remains to be said about settlement -- particularly with respect to the allocation plan you featured with the Court in your presentation last week.

With regard to your last question, as you know, neither my firm nor Mike Walsh's firm represent Liberty in this action. Thus, I have forwarded your email to Liberty's lawyers, and they can decide whether any further response is appropriate.

Regards,

Matt

**Matthew O. Sitzer**
Direct Dial: 312.704.7704
msitzer@grippoelden.com

Grippo & Elden LLC • 111 S. Wacker Drive • Chicago, IL 60606 • Phone 312.704.7700 •
Fax 312.558.1195 • www.grippoelden.com

**From:** Klein, Frederic [mailto:Frederic.Klein@goldbergkohn.com]
**Sent:** Monday, January 17, 2011 2:18 PM
**To:** Sitzer, Matthew O.
**Cc:** Elden, Gary M.; Miller, Gary M.; mwalsh@nutter.com; Nelson, Kerry; Meyers, William C.
**Subject:** Settlement Discussions

Matt: The purported Class Plaintiffs, Safeco and Ohio Casualty (collectively, "Safeco"), have rejected the Settlement Term Sheet executed by the Intervenors and AIG, and stated in writing and orally before the court that Safeco opposes any settlement in accordance with the terms of the Settlement Term Sheet. Accordingly:

    (a) Please let us know if Safeco is withdrawing its opposition to the Settlement Term Sheet.

    (b)  Please let us know if Safeco intends to help to effectuate a settlement in accordance with the terms set forth in the Settlement Term Sheet.

    (c)  Please let us know if the parent of Safeco, Liberty Mutual, intends to file suit against the other AURs, including ACE, The Hartford, Sentry, and Travelers.  Your co-counsel, Jim Morsch, stated in open court on January 13 that it is "likely" that "Liberty" will file suit against the AURs.  As you know, my firm and I represent ACE, The Hartford, and Travelers.  I would like to know if "Liberty", the parent of your client Safeco, intends to file suit against my clients.

        Fred

---

**From:** Sitzer, Matthew O. [mailto:MSitzer@grippoelden.com]
**Sent:** Thu 1/13/2011 5:03 PM
**To:** Klein, Frederic
**Cc:** 'Rowe Snider'; Elden, Gary M.; Miller, Gary M.; mwalsh@nutter.com
**Subject:** Settlement Discussions

Fred:

As directed by the Judge Gettleman today, on behalf of the Class Plaintiffs, I request that you provide us with advance notice and an opportunity to participate in any further meetings, teleconferences or other communications (including copies of all correspondence) the Intervenors have in connection with the development of a settlement agreement as announced in Court today, including any discussions relating to purported allocation methodolog(ies) to be applied to settlement funds.  Please let me know if there are any problems with this request.

Regards,

Matt


### Matthew O. Sitzer
Direct Dial: 312.704.7704
msitzer@grippoelden.com

---

Grippo & Elden LLC • 111 S. Wacker Drive • Chicago, IL 60606 • Phone 312.704.7700 •
Fax 312.558.1195 •  www.grippoelden.com

---

This transmission is intended only for the party to whom it is addressed and may contain privileged and confidential information. Any unauthorized use, dissemination or copying of this transmission is prohibited. If you have received this transmission in error, please notify us immediately by return email or by email to postmaster@grippoelden.com, and delete or destroy this communication and any copies (digital or paper), including all attachments. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature.

We do not provide tax advice and therefore any advice contained in this email and any attachments is

not intended or written to be used, and cannot be used, for purposes of avoiding tax penalties that may
be imposed on any taxpayer.

IRS Circular 230 Disclosure: United States Treasury Regulations provide that
IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke Lord Bissell

# EXHIBIT C

| | |
|---|---|
| **From:** | Klein, Frederic [Frederic.Klein@goldbergkohn.com] |
| **Sent:** | Wednesday, January 19, 2011 9:17 AM |
| **To:** | Sitzer, Matthew O. |
| **Cc:** | Elden, Gary M.; Miller, Gary M.; mwalsh@nutter.com; Snider, Rowe; Nelson, Kerry; Meyers, William C.; mschwartz@butlerrubin.com |
| **Subject:** | FW: Settlement Allocation Meeting |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Matt -- The topics you have been raising are, not surprisingly, overlapping with the topics Mark Schwartz of Butler Rubin has been raising on behalf of Liberty Mutual. Accordingly, see my email below from yesterday afternoon to Mr. Schwartz, who I am copying on this email. In the future, I will copy each of you on emails to the other.

Now I will respond to the specific points raised in your latest email to me from yesterday afternoon. Based on what you have stated: (a) the purported Class Plaintiffs have not withdrawn their opposition to the Settlement Term Sheet, and therefore continue to object to the settlement provisions stated therein; (b) while the purported Class Plaintiffs may be "interested" (to use your word) in learning about the settlement issues (though all they need to do is to examine the Settlement Term Sheet for the business terms, and they have stated that they plan to propound discovery on these issues in any case), they have not said that they wish to help effectuate the settlement. Instead, they have restated their opposition. In any event, the purported Class Plaintiffs and Liberty Mutual will see the formal Settlement Agreement (effectuating the Settlement Term Sheet) and have time to comment on it before it is finalized. After the purported Class Plaintiffs and Liberty Mutual have reviewed the proposed Settlement Agreement, we will meet with them to discuss the document if they wish to have such a meeting.

Finally, the purported Class Plaintiffs and their parent, Liberty Mutual, have not been "excluded" from the settlement discussions which have taken place at various times for more than 18 months. Indeed, the fact is that Liberty Mutual at one time was driving the settlement process until those efforts failed, at which time Liberty Mutual elected to step back from and abandon the settlement efforts. Consequently, others stepped forward. Approximately 25 people attended a six-hour meeting in your office on December 20 during which the purported Class Plaintiffs and Liberty Mutual made a lengthy and detailed presentation to representatives of all of the Intervenors and others. You attended that meeting, so you know that the issue of settlement was one of the major topics discussed that day. There simply is no factual basis for the Class Plaintiffs or Liberty Mutual to claim that they have been excluded from all discussions about settlement.

Fred

---

Frederic Klein | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.201.3908 | direct fax 312.863.7408 | frederic.klein@goldbergkohn.com | www.goldbergkohn.com

---

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

---

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is

not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

**From:** Klein, Frederic
**Sent:** Tuesday, January 18, 2011 3:15 PM
**To:** 'mschwartz@butlerrubin.com'
**Cc:** 'jrubin@butlerrubin.com'; Snider, Rowe; Nelson, Kerry; Meyers, William C.
**Subject:** Settlement Allocation Meeting

Mr. Schwartz:

My recollection (supported by the transcript of January 13) is that Judge Gettleman's remarks (p. 46) were made substantially before Jim Morsch of your office announced on the record (p. 80) that it was "likely" that "Liberty" would file suit against the other AURs, three of whom (ACE, The Hartford, and Travelers) are my clients. Accordingly, I do not agree that Judge Gettleman "understood the position of Liberty Mutual", nor could Judge Gettleman have understood the position of Liberty Mutual until Mr. Morsch made his open-court threat to file suit against the AURs. I am not inclined to invite counsel for Liberty Mutual or its subsidiaries, who Liberty Mutual controls, to a meeting to gather information in order to prepare a complaint against my clients. I believe that Judge Gettleman would understand and be sympathetic to my view.

I am currently working on a draft Settlement Agreement to effectuate the provisions of the executed Settlement Term Sheet, a document you and your co-counsel have had since January 5. If Liberty Mutual or its subsidiaries have comments about the Settlement Term Sheet, please provide them to us at this time as I continue to work on the Settlement Agreement which will effectuate the provisions you have had for 13 days. Before the formal Settlement Agreement itself is finalized, and in time to receive comments, I will send a draft of the Settlement Agreement to you and to counsel for Liberty Mutual's subsidiaries.

In the meantime, please answer the questions I posed below. Given Liberty Mutual's litigation threats, we are entitled to direct and prompt answers.

Fred Klein

Frederic Klein | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.201.3908 | direct fax 312.863.7408 | frederic.klein@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

**From:** mschwartz@butlerrubin.com [mailto:mschwartz@butlerrubin.com]
**Sent:** Tuesday, January 18, 2011 11:38 AM
**To:** Klein, Frederic
**Cc:** jmorsch@butlerrubin.com; jrubin@butlerrubin.com; Nelson, Kerry; RSnider@lockelord.com; Meyers, William C.
**Subject:** Re: Settlement Allocation Meeting

Mr. Klein,

During the January 13, 2011 hearing, Judge Gettleman explained that no member of the proposed settlement class should be "kept from the [negotiating] table." (1/13/11 Hearing at 46.) When Judge Gettleman made the above-quoted statement, he understood the position of Liberty Mutual and the Litigation Class Representatives. Thus, Judge Gettleman has made clear that *all* members of the proposed settlement class have a right to participate in the negotiations.

Based on the questions set forth in your email below, we are concerned that your clients intend to condition Liberty Mutual's participation in settlement negotiations, including discussions concerning the allocation of settlement proceeds, on the answers to those question. We believe placing such conditions on Liberty Mutual's participation in the settlement discussions would directly conflict with Judge Gettleman's direction. Accordingly, please confirm, as I requested in my January 13 email to you, that we will be provided advance notice of the time and place for any meetings or teleconferences relating to settlement of this matter, and further, that we will be permitted to participate in all such meetings and teleconferences.

Please note that we intend to participate constructively in all such meetings and teleconferences to ensure a fair allocation of any sums to be allocated, whether as a result of the proposed term sheet or some other mechanism for settlement.

Thanks.

Mark

**Mark A. Schwartz**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4488 | 312.873.4358 fax

mschwartz@butlerrubin.com
www.butlerrubin.com

| "Klein, Frederic" <Frederic.Klein@goldbergkohn.com> | To | <mschwartz@butlerrubin.com> |
|---|---|---|
| | cc | <jrubin@butlerrubin.com>, <jmorsch@butlerrubin.com>, <RSnider@lockelord.com>, "Nelson, Kerry" <kerry.nelson@goldbergkohn.com>, "Meyers, William C." <William.Meyers@goldbergkohn.com> |
| 01/17/2011 02:20 PM | | |
| | Subject | Settlement Allocation Meeting |

Mr. Schwartz:  There was no meeting on January 13 regarding the proposed Plan of Allocation because the court hearing went later in the day than we expected.  Please advise me of the following:

(a)  Do the "Liberty Parties" (as you refer to them) oppose the Settlement Term Sheet executed by the Intervenors and AIG?  Two subsidiaries of Liberty Mutual have stated in writing and orally before the court that they firmly oppose the Settlement Term Sheet and any settlement which will reflect those terms.

(b)  Do the "Liberty Parties" intend to sue ACE, The Hartford, Sentry, and Travelers, all of whom are AURs?  During the January 13 hearing, Jim Morsch of your office said that it is "likely" that "Liberty" will sue the AURs.  As you know, my firm and I represent ACE, The Hartford, and Travelers, and I would like to know if "Liberty" indeed intends to sue my clients.

Fred Klein

---

**From:** mschwartz@butlerrubin.com [mailto:mschwartz@butlerrubin.com]
**Sent:** Thu 1/13/2011 2:09 PM
**To:** Klein, Frederic ; rsnider@lockelord.com
**Cc:** jrubin@butlerrubin.com; jmorsch@butlerrubin.com
**Subject:** Settlement Allocation Meeting

Gentlemen:

I am one of the attorneys for the Liberty Parties in the AIG v. ACE matter. Please make sure that we are given adequate notice of the time and place for any meetings relating to allocation of settlement funds, including the meeting that is scheduled for this afternoon following the remainder of today's court hearing.

Thanks.

Mark Schwartz

Mark A. Schwartz

Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4488 | 312.873.4358 fax

mschwartz@butlerrubin.com
www.butlerrubin.com

This email message is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.  To reply to our email administrator directly, send an email to postmaster@butlerrubin.com.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation

http://www.butlerrubin.com

IRS Circular 230 Disclosure: United States Treasury Regulations
provide that a taxpayer may rely only on formal written advice
meeting specific requirements to avoid federal tax penalties.
Any tax advice in the text of this message, or in any
attachment, does not meet those requirements and, accordingly,
is not intended or written to be used, and cannot be used, by
any recipient to avoid any penalties that may be imposed upon
such recipient by the Internal Revenue Service.


IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke
Lord Bissell & Liddell LLP is privileged, confidential and
exempt from disclosure under applicable law. If you are not the
intended recipient (or authorized to act on behalf of the
intended recipient) of this message, you may not disclose,
forward, distribute, copy, or use this message or its contents.
If you have received this communication in error, please notify
us immediately by return e-mail and delete the original message
from your e-mail system. Thank you.


IRS Circular 230 Disclosure: United States Treasury Regulations provide that
IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke Lord Bissell