UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACE INA HOLDINGS, INC., et al., <br><br> Defendants | Case No. 07 CV 2898 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., <br><br> Counter-Claimants, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., et al., <br><br> Counter-Defendants. | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., et al., <br><br> Defendants. | Case No. 09 CV 2026 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |

**ORIGINAL CLASS PLAINTIFFS' RESPONSE TO NWCRP BOARD OF GOVERNORS' MOTION FOR LEAVE TO APPEAR AND FILE AMICUS BRIEF**

Ohio Casualty Insurance Company and Safeco Insurance Company of America (collectively, "Original Class Plaintiffs"), to avoid additional disputes, will raise no objection to the NWCRP Board of Governors filing their Brief in Support of Preliminary Approval of Class Action Settlement (the "Brief"). It is Original Class Plaintiffs' strong view, however, that the Court should attach no evidentiary weight to any of the matters set forth in the Brief. The Brief is not admissible evidence because it contains (a) opinions within the meaning of Fed. R. Evid. 701-703, but not qualifying under those rules; (b) hearsay; and (c) unsupported factual assertions, disputed by Original Class Plaintiffs. Because the arguments set forth in the Brief are not attested to by a witness who can satisfy foundational requirements, the Court cannot consider those arguments in ruling on the matters before it. *Reed v. Advocate Health Care*, 268 F.R.D. 573, 594 n. 20 (N.D. Ill. 2009) (the federal rules of evidence apply to motions for class certification); *American Honda Motor Co. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010) ("We hold that when an expert's report or testimony is critical to class certification [the Court must] conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on the class certification motion. That is, the district court must perform a full *Daubert* analysis before certifying the class if the situation warrants.")

Here the Brief contains assertions that are wholly unsupported by any evidence. For example, Part VI of the Brief claims that the lack of a settlement could "jeopardize the ongoing viability of the risk-spreading mechanism" provided by the NWCRP. Brief at 8. Whatever that statement means (and its meaning is unclear), it is an inadmissible opinion supported by no declaration or other evidence.

Moreover, though characterized as an amicus brief by the NWCRP Board of Governors, the Brief is actually no more than another supplemental brief by Intervenors. Indeed, seven of

the eleven Board members (another is Liberty Mutual, which does not agree with the arguments or contentions made in the Brief) are Intervenors. The Brief thus represents an extension of Intervenors' arguments, not the position of an independent entity.

    Finally, Original Class Plaintiffs also object to, and reserve all objections to, the many conflicts of interest of the Board of Governors and their counsel and especially to their taking sides in multiple disputes among members. These conflicts of interest have been called to their attention orally and in writing, including in the letters attached to the Declaration of Gary Elden filed on January 10, 2011, Docket No. 299, and by this Court's August 20, 2009 Opinion at 15. Original Class Plaintiffs will address all of this in detail in later briefing (after discovery allows for a complete record), and therefore will not amplify this discussion now, but note it now to avoid any later claim of waiver.

Dated: March 7, 2011

Respectfully submitted,

SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY

By: /s/ Gary M. Elden
      One of Their Attorneys

Gary M. Elden
Gary M. Miller
Matthew O. Sitzer
Daniel M. Hinkle
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7700

Michael A. Walsh
Allison D. Burroughs
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, Massachusetts 02110
Telephone: (617) 439-2775

2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 7, 2011, I caused a true and correct copy of the foregoing **ORIGINAL CLASS PLAINTIFFS' RESPONSE TO NWCRP BOARD OF GOVERNORS' MOTION FOR LEAVE TO APPEAR AND FILE AMICUS BRIEF** to be filed with the Clerk of the Court and served using the CM/ECF e-filing system upon all counsel of record, and that the same was served via electronic mail on all counsel of record on March 7, 2011.

                                                  /s/ Gary M. Elden
                                                   Gary M. Elden

1101800.4