**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) | No. 07 CV 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., *et al.*, | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) ) ) | No. 09 CV 2026 |
| Plaintiffs, | ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**SETTLEMENT CLASS PLAINTIFFS' AND AIG'S JOINT STATEMENT IN
SUPPORT OF SETTLEMENT CLASS PLAINTIFFS' AND AIG'S PROPOSED
<u>NOTICES OF PROPOSED CLASS ACTION SETTLEMENT</u>**

Settlement Class Plaintiffs ACE INA Holdings, Inc. ("ACE"), Auto-Owners Insurance Co. ("Auto-Owners"), Companion Property & Casualty Ins. Co. ("Companion"), FirstComp Insurance Co. ("FirstComp"), The Hartford Financial Services Group, Inc. ("Hartford"), Technology Insurance Co. ("Technology"), and The Travelers Indemnity Company ("Travelers") (collectively, the "Settlement Class Plaintiffs"), and Defendant American International Group, Inc., and its present and former subsidiaries and affiliates named as parties herein (collectively referred to as "AIG"), by their respective undersigned counsel, respectfully submit this statement in support of their proposed notices of proposed class action settlement (attached hereto as Exhibits A (long form) and B (short form)).

## INTRODUCTION

As part of their initial filings in support of their pending motion for certification of a settlement class and preliminary approval of the proposed class action settlement, Settlement Class Plaintiffs and AIG proffered a proposed notice of the proposed class action settlement to be sent to class members in the event the Court certified the settlement class and granted preliminary approval. The Court, anticipating objections from the Liberty Objectors, directed Settlement Class Plaintiffs and AIG to confer with them in an attempt to reach agreement on a proposed notice to class members. Those discussions have now taken place, and, while they have resulted in narrowing the areas of disagreement between the parties, there remains a fundamental disagreement concerning the form the notice should take. Settlement Class Plaintiffs and AIG, therefore, jointly file this statement to present the Court with their proposed notice of proposed class action settlement (revised to reflect certain comments of the Liberty Objectors and other

amendments)[1] and to explain why it is appropriate and superior to the form of notice proposed by the Liberty Objectors.

In sum, the notice proposed by Settlement Class Plaintiffs and AIG (the "SCP/AIG Notice") complies with all of the requirements of Rule 23 and Constitutional Due Process by (i) describing the proposed settlement in neutral and straightforward terms, (ii) informing class members how they can obtain additional information about the proposed settlement and the Liberty Objectors' arguments against it, and (iii) advising the class members of their rights, including their right to opt out or object if they so choose. By contrast, the approach proposed by the Liberty Objectors (attached hereto as Exhibit D in the form last presented to Settlement Class Plaintiffs and AIG) is inappropriately argumentative and seeks to turn the notice into an exercise in advocacy that they obviously hope to use to influence class members against the proposed settlement. If the Liberty Objectors' approach were adopted, the notice would be converted from the simple statement contemplated by Rule 23 into a lengthy and detailed collection of competing arguments that will confuse class members and fail at its intended purpose.

## DISCUSSION

Rule 23(e) settlement notices are not intended to rehash all the issues underlying the litigation. Rather, to satisfy Rule 23(e) and Constitutional Due Process protections, the notice "need only be reasonably calculated, under all of the circumstances, to apprize

---

[1] The manner in which Settlement Class Plaintiffs and AIG have attempted to accommodate the Liberty Objectors' comments can be seen in the attached Exhibit C, which is a "blackline" of the long-form Settlement Class Plaintiffs/AIG Notice against the draft long-form notice Settlement Class Plaintiffs and AIG proposed to the Liberty Objectors on March 24, 2011. That March 2011 draft did not materially differ from the draft filed with the Court on January 28, 2011. (*See* Exhibits D and H to the Settlement Agreement (D.E. # 332).)

[sic] interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." NEWBERG ON CLASS ACTIONS § 11:53 (4th Ed. 2010). The contents of a Rule 23(e) notice are therefore sufficient "if they inform the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing." *Id.* § 8:32. The Northern District, moreover, has held that "the notice should be neutral." *Boggess v. Hogan*, 410 F. Supp. 433, 442 (N.D. Ill. 1975).

The SCP/AIG Notice unquestionably meets the requirements of Rule 23 by providing class members with the requisite information about the proposed settlement and their rights in relation thereto. The SCP/AIG Notice also satisfies the goal of neutrality by including two appropriately brief sections outlining in general—and non-inflammatory—terms the positions of both the settlement parties and the Liberty Objectors regarding the merits of the proposed settlement. These sections are brief so as not to distract from the main point of the notice: to describe the settlement and inform class members about their rights and how they can assert them should they so choose. The SCP/AIG Notice concludes the latter section, as the Rule suggests it should, by referring class members to the Liberty Objectors' Opposition Brief and other documents in the record, where they can find an exhaustive analysis of the Liberty Objectors' position.

By contrast, the Liberty Objectors' proposed notice includes a section comprising three to four single-spaced pages that is devoted to argument and improperly

inflammatory rhetoric against the proposed settlement. The very first sentence, for example, states that the Liberty Objectors:

> oppose the Settlement because (a) the settlement amount is *grossly inadequate* when compared to the value of the Class' claims; (b) the Settlement was negotiated by *conflicted parties* and *improperly* gives those parties releases which are being funded by the Class; and (c) the Settlement provides *disproportionate benefits* to certain class members at the expense of others.

(Ex. D at 9-10, ¶ 9 (emphasis on inflammatory and opinionated language added).) What follows is 3 single-spaced pages summarizing in detail—and in similarly inflammatory language—the arguments that the Liberty Objectors made in their Opposition Brief.

Compounding the problem, the Liberty Objectors have presented these arguments not as their own litigation position, but rather *as uncontested fact*. In this manner, the submission is not only distracting from the purpose of the notice, but in at least two instances also affirmatively misleading. For example, the Liberty Notice states, *as a matter of fact*, that "AIG valued its claims against those three Settlement Class Plaintiffs [ACE, The Hartford, and Travelers] as being worth at least $100 million for settlement purposes." (Ex. D at 11, ¶ 3; *see also id.* at 2, ¶ 3.) But this point is far from uncontested fact, and AIG spent several pages rebutting it in the brief and exhibits it submitted in response to this argument the first time the Liberty Objectors made it. (*See* Reply Br. at 14-17 (D.E. # 387) (explaining that the Liberty Objectors' interpretation of the July 29, 2010 Russo letter is incorrect and pointing to a subsequent Russo letter of September 27, 2010, expressly stating that AIG had ascribed *no value* to these claims for settlement purposes).) As a second example, the Liberty Notice includes a section titled, "Have any other class members objected to the Settlement?" with the accompanying response that the "Liberty Mutual Companies" have so objected. But, as the Court is well aware, the Liberty Objectors are subsidiaries of Liberty Mutual.

No authority supports the position that the Liberty Objectors are entitled, or should be permitted, to include such argument in the class notice. In fact, cases from this and other circuits hold that detailed, argumentative expositions of objections to class settlement are inappropriate in a class settlement notice.

In *Mangone v. First USA Bank*, 206 F.R.D. 222 (S.D. Ill. 2001), for example, the court considered an objection that the class notice did not give a "minimum description" of the litigation, including the "merits of the claims" or the "maximum potential recovery for the Class." *Id.* at 233. The court overruled these objections, holding that "none of the items complained of are required by the notice requirements set out in F.R.C.P. 23 or due process." *Id.* Similarly, in *Susquehanna Corp. v. Korholz*, 84 F.R.D. 316 (N.D. Ill. 1979), plaintiff-objector attacked the settlement notice on the ground that it identified him as an objector but did not "set forth in detail his reasons for objecting." *Id.* at 325. The court disagreed, finding that "[t]he notification . . . , in that it made specific mention of the fact that Mr. Schy had objected to the proposed agreement, more than satisfied [the due process standard]." *Id.* at 324-25. The court continued to state that "[n]o authority . . . exists for the proposition that notices must explore all of the underlying issues in the lawsuit." *Id.* at 325 (citing *Boggess*, 410 F. Supp. at 443).

Courts from other circuits have taken a similar stance. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), for example, the Ninth Circuit considered an argument that a settlement notice "failed to provide a meaningful description of the terms of the settlement, including *the content of objections and the expected value of fully litigating the case*." *Id.* at 962 (emphasis added). In response, the Court stated: "[W]e do not see why it should. Settlement notices are supposed to present

5

information about a proposed settlement neutrally, simply, and understandably—objectives not likely served by including the adversarial positions of objectors." *Id.* at 962-63 (citing *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) ("Rule 23(e) does not require the notice to set forth every ground on which class members might object to the settlement."); *In re Traffic Executive Ass'n Eastern R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (requiring the class notice to be "scrupulously neutral"); *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975) (same)); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 529 (D.N.J. 1997) (holding that "Class notice need not inform class members that various parties or entities have objected to the proposed settlement").

In addition to the fact that neither Rule 23 nor Constitutional Due Process requires such exposition, courts have offered two reasons for refusing to credit objectors' arguments that class notice should include a detailed exposition of their objections. Both are applicable here. *First*, courts note that, as here, interested class members can always examine the underlying record and pleadings. *See, e.g.*, *Mangone*, 206 F.R.D. at 233 (overruling objection in part on the basis that "Settlement Class Members may inspect the pleadings and other relevant documents, including the Settlement Agreement, at the Courthouse"); *Boggess*, 410 F. Supp. at 443 (overruling objection in part on the basis that "[a]mbiguities regarding the substantive aspects of the litigation could be resolved by examining the pleadings on file with the clerk."). *Second*, permitting the Liberty Objectors to include a detailed and argumentative analysis of their objections would necessitate a response from Settlement Class Plaintiffs and AIG, turning the settlement

6

notice into a dueling-brief submission that is antithetical to the core purpose of the notice, which is to inform absent class members of their rights in "clear," "concise," and "plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). As the Fifth Circuit stated in *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195 (5th Cir. 1981):

> Turning to the arguments that the notice should have summarized the opinions of the sheet-plant and state-law objectors, we agree with the settlement proponents that the district court then would have been bound to allow the proponents to respond. *Inclusion of the objections and responses would have made the notice's neutrality difficult to maintain and may have become so detailed that the notice would "confuse class members and impermissibly encumber their rights to benefit from the action."*

*Id.* at 224 (quoting *In Re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977) (emphasis added)); *see also Bowling v. Pfizer, Inc., et al.*, 143 F.R.D. 141, 160 (S.D. Ohio 1992) (same). For these reasons, the Court should approve the SCP/AIG Notice and reject the notice proposed by the Liberty Objectors.

Dated: June 14, 2011

        Respectfully submitted,

        ACE INA HOLDINGS, INC., AUTO-OWNERS INSURANCE CO., COMPANION PROPERTY & CASUALTY INS. CO., FIRSTCOMP INSURANCE CO., THE HARTFORD FINANCIAL SERVICES GROUP, INC., TECHNOLOGY INSURANCE CO., and THE TRAVELERS INDEMNITY COMPANY

        By: \_\_\_/s/ Frederic R. Klein_____
            One of Their Attorneys

Frederic R. Klein
William C. Meyers
Kerry D. Nelson
Nury R. Agudo
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

                                               Respectfully submitted,

                                               AMERICAN INTERNATIONAL
                                               GROUP, INC., et al.,


                                               By:    /s/ Stephen Novack
                                                     One of Their Attorneys

Stephen Novack
P. Andrew Fleming
Andrew D. Campbell
Rebekah Parker
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Kevin S. Reed
Jennifer J. Barrett
Quinn Emanuel Urquhart
  & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Settlement Class Plaintiffs' And AIG's Joint Statement In Support Of Settlement Class Plaintiffs' And AIG's Proposed Notices Of Proposed Class Action Settlement** was served upon all counsel of record in this action pursuant to the written consent of the parties under Fed. R. Civ. P. 5(b)(2)(E) via the U.S. District Court CM/ECF e-filing system on June 14, 2011.

                                                        /s/ Stephen Novack