## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACE INA HOLDINGS, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 07 CV 2898<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Sidney I. Schenkier |
| LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>Counter-Claimants,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Counter-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on Behalf of a Class consisting of members of the National Workers Compensation Reinsurance Pool,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 09 CV 2026<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Sidney I. Schenkier |

## ORIGINAL CLASS PLAINTIFFS' MOTION TO STAY
## DISSEMINATION OF CLASS NOTICES

Safeco Insurance Company of America ("Safeco") and Ohio Casualty Insurance Company ("Ohio Casualty") (jointly, "Original Class Plaintiffs") hereby move, pursuant to Fed. R. Civ. Pro. 23(f), for an order staying the dissemination of notices to the settlement class that the Court has certified pending the adjudication of Original Class Plaintiffs' Petition for Leave to Appeal Under Rule 23(f) and, if that petition is granted, pending the adjudication of the appeal. In the alternative, Original Class Plaintiffs move for an order staying the dissemination of class notice for fourteen days after the Court has approved the form of notice, so that Original Class Plaintiffs may seek an order from the Court of Appeals staying distribution of class notice pending the adjudication of their Rule 23(f) petition, and the adjudication of their appeal if the petition is granted. In support of this motion, Original Class Plaintiffs state as follows:

1.     Original Class Plaintiffs will be filing a petition pursuant to Rule 23(f) seeking permission to appeal this Court's order certifying a settlement class. In *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832 (7th Cir. 1999), the Seventh Circuit opined, in dicta, that a stay under Rule 23(f) should be granted where "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Id.* at 835. The *Blair* court likened this standard to "the same kind of question that a court asks when deciding whether to issue a preliminary injunction." *Id.*     Other courts have likewise balanced "competing interests" in determining whether to grant stays under Rule 23(f). *See, e.g., Brown v. Charles Schwab & Co., .,* No. 07-CV-3852, 2010 WL 424031 at *1 (D. S.C. Feb. 1, 2010)

2.     In balancing these interests, the Manual for Complex Litigation counsels that "[i]f the [Rule 23(f)] appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." *Id.* at §

21.28.   An illustrative case is *Jenkins v. Hyundai Motor Financing Co.*, No. C2-04-720, 2008

WL 2268319 (S.D. Ohio 2008).   In that case, the court assessed the defendant's motion for a stay

under Rule 23(f) "using a four-factor balancing test, similar to the standard employed to evaluate

requests for preliminary injunctive relief."   *Id.* at *1.   Though finding that the defendant was

unlikely to succeed upon the merits of its appeal,[1] the court nonetheless stayed the dissemination

of class notice pending adjudication of the defendant's Rule 23(f) petition.   The Court explained

that it

> finds compelling the potential confusion that could result for members of the class if the
> Court of Appeals were to vacate or modify the class certification order after notice has
> already been disseminated. *In cases involving Rule 23( f) appeals, district courts
> ordinarily should stay the dissemination of class notice to avoid the confusion and
> substantial expense of renotification that may result from appellate reversal or
> modification.*

*Id.* at *4; *see also Zeno v. Ford Motor Co.*, 480 F.Supp.2d 825, 828 n.1 (W.D. Pa. 2007) (stay

granted with respect to sending out notice to potential class members pending appellate review);

*In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL , 2006 WL 3021126, at *2 (D. Kan. Oct.

23, 2006) (stay granted with respect to sending out notice to class members on ground that "the

court is persuaded that the potential confusion that could result if the Tenth Circuit were to

vacate or modify the class certification order after notice has already been disseminated to class

members counsels against proceeding to issue notice at least until the Circuit has resolved the

request to take the appeal."); *Beattie v. Centurytel, Inc.*, No. 02–10277–BC, 2006 WL 1722207

(E.D. Mich. June 20, 2006) (stay granted with respect to sending out notice to class members

---

[1] Obviously, no trial court that has ruled on a certification motion would find that an appeal from its
ruling would be likely to succeed, or else it would not have ruled on certification as it ruled in the first
place.   In light of this reality, courts applying a likelihood of success standard to a motion for a stay
pending appeal have found that standard to be met where reversal is a possibility. *See, e.g., Rosen v. J.M.
Auto, Inc.*, No. 07-61234, 2009 WL 7113827, at *1 (S.D. Fla. 2009) ("While the Court is confident that it
has correctly applied the law to the issues of this case, we acknowledge that the Court of Appeals may
reverse our ruling. Defendants have therefore established this element [i.e., likelihood of success on the
merits].").

even though court finds absence of likelihood of success on merits and that balance of harms and public interest favors party opposing the stay in every other respect).

      2.      Such considerations are exacerbated where, as here, the certification that is subject to appeal under Rule 23(f) is the certification of a *settlement* class. Settlement Class Plaintiffs propose sending a twenty-three page notice of the settlement to class members that will require them to assess the fairness of the settlement agreement that the Court has approved preliminarily. That notice will refer absent class members to thousands of pages of documents in order to inform their review of that settlement agreement. That review must be completed within a relatively short period, so that objections and opt-outs elections can be served no later than thirty days before the fairness hearing. Obviously, the dissemination of this notice will trigger a process that will impose substantial burdens on absent class members. If Original Class Plaintiffs' Rule 23(f) petition were to be granted after this notice is disseminated, the Court presumably would then enter a stay in light of that development, *see Andrews v. Chevy Chase Bank*, 474 F. Supp.2d 1006, 1007 (E. D. Wis. 2007) (stay under Rule 23(f) entered by district court after appeal accepted by appellate court), and presumably also would order that another notice be provided to inform absent class members of such a material development. The scheduling of any fairness hearing certainly would be affected. Since the Court's order certifying the settlement class and preliminarily approving the settlement would then be under review, the settlement agreement that both absent class members and the Court were assessing would be in limbo. Very possibly, whatever effort had previously been expended by class members to review and analyze the agreement would have been wasted. Balanced against the prospect of such harm is the inconvenience, if any, that would be caused by requiring Settlement Class Plaintiffs to delay the dissemination of class notice for the relatively brief period of time that would be required for the Seventh Circuit to adjudicate the Rule 23(f) petition.

3. In sum, the costs of waiting a relatively brief period to see if the Rule 23(f) petition is granted are minimal compared to the costs of proceeding to disseminate the notice only to have the Rule 23(f) petition *thereafter* granted. *See Ramirez v. DeCoster*, 203 F.R.D. 30 (D. Me. 2001) (order certifying settlement class and preliminarily approving settlement agreement provides that dissemination of class notice would automatically be stayed should any party seek to appeal from certification order). For these reasons, Original Class Plaintiffs respectfully submit that a balancing of the relevant harms and equities strongly supports a stay of the dissemination of class notice pending adjudication of Original Class Plaintiffs' Rule 23(f) petition, and during the pendency of the appeal if the petition is granted.

WHEREFORE, for the reasons set forth above, Original Class Plaintiffs respectfully request that the Court stay the dissemination of notices to the settlement class that the Court has certified pending the adjudication of Original Class Plaintiffs' Petition for Leave to Appeal Under Rule 23(f) and, if that petition is granted, pending the adjudication of the appeal. In the alternative, Original Class Plaintiffs request that the Court stay the dissemination of class notice for fourteen days after the Court has approved the form of notice, so that Original Class Plaintiffs may seek an order from the Court of Appeals staying dissemination of class notice pending the adjudication of their Rule 23(f) petition, and the adjudication of their appeal if the petition is granted.

Dated: August 2, 2011

Respectfully submitted,

SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY,

By: s/ Michael A. Walsh
One of Their Attorneys

Michael A. Walsh (admitted *pro hac vice*)
Allison D. Burroughs (admitted *pro hac vice*)
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA  02110
(617) 439-2775
mwalsh@nutter.com
aburroughs@nutter.com

Gary M. Elden
Gary M. Miller
Matthew O. Sitzer
Daniel M. Hinkle
GRIPPO & ELDEN, LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
gelden@grippoelden.com
gmiller@grippoelden.com
msitzer@grippoelden.com
dhinkle@grippoelden.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 2, 2011, I caused a true and correct copy of the foregoing **ORIGINAL CLASS PLAINTIFFS' MOTION TO STAY DISSEMINATION OF CLASS NOTICES** to be filed with the Clerk of the Court and served using CM/ECF e-filing system upon all counsel of record.


/s/      Michael A. Walsh


2021625.6