## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) |
| Plaintiffs, | ) No. 07 CV 2898 |
| vs. | ) ) District Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) ) Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) |

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) No. 09 CV 2026 |
| Plaintiffs, | ) ) District Judge Robert W. Gettleman |
| vs. | ) ) Magistrate Judge Sidney I. Schenkier |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

## JOINT OPPOSITION TO OBJECTORS' MOTION TO STAY
## DISSEMINATION OF CLASS NOTICES

Settlement Class Plaintiffs ACE, Auto-Owners, Companion, FirstComp, Hartford,

Technology, and Travelers ("Settlement Class Plaintiffs"), and Defendant American International

Group, Inc., and its present and former subsidiaries and affiliates named as parties herein

(collectively referred to as "AIG"), by their respective undersigned counsel, respectfully submit this

joint opposition to the Motion to Stay Dissemination of Class Notices ("Motion to Stay") (R.429)

filed by Safeco Insurance Company of America and Ohio Casualty Insurance Company

("Objectors") on August 2, 2011, and noticed for presentation to the Court on August 5, 2011. The

Motion to Stay should be denied, and the notices to the class should issue forthwith.

I.    **OBJECTORS MUST SHOW THAT THE SEVENTH CIRCUIT WILL LIKELY BOTH GRANT THEIR PROPOSED RULE 23(f) PETITION AND REVERSE THIS COURT'S ORDER CERTIFYING THE SETTLEMENT CLASS.**

In this Circuit, courts evaluate a request for a stay under Rule 23(f) in the same way they evaluate a request for a preliminary injunction. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). Under this test, the court must consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Andrews v. Chevy Chase Bank, FSB,* 474 F. Supp. 2d 1006, 1007 (E.D. Wis. 2007).

The "likelihood of success" requirement, moreover, is a two-part inquiry. *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412 (D. Del. 2010) ("Turning first to the likelihood of success on the merits, the Court must predict both the likelihood that the Third Circuit will grant Defendants' [Rule 23(f)] Petition, and the likelihood that the Third Circuit will agree with Defendants on the substantive merits."). Thus, Objectors here can show a likelihood of success only if they can show both that (a) the Seventh Circuit is likely to grant their Rule 23(f) petition and hear their appeal, and (b) the Seventh Circuit, after hearing the appeal, is likely to reverse this Court's July 26, 2011 Memorandum Opinion and Order ("Opinion") (R.426), and the expected August 5, 2011 order effectuating the Opinion. They cannot pass either test.

A.    **Because There Is No Reported Case Granting a Rule 23(f) Petition to Review an Order Certifying a Settlement Class, Objectors Cannot Show Any Likelihood of Success with Respect to Their Rule 23(f) Petition.**

The Objectors do not even attempt to establish a likelihood that the Seventh Circuit will grant their Rule 23(f) petition, and with good reason. Rule 23(f) has allowed for the possibility of interlocutory appeals of class certification decisions since it was adopted in 1998. Yet in 13 years, there has not been a single published decision from any one of the 13 Circuits of the United

States Courts of Appeals which has granted a Rule 23(f) petition seeking review of an order certifying a *settlement class* such as this one. Indeed, the only court ever to have addressed such an effort is the Eighth Circuit, which denied the Rule 23(f) request. *See Liles v. DelCampo*, 350 F.3d 742, 746 (8th Cir. 2003) ("We conclude that an interlocutory appeal [under Rule 23(f)] would be premature in this case. Several steps remain before the district court finally approves class certification and any settlement. To permit an appeal at this stage would unnecessarily delay the resolution of the litigation ... ."). It would be precedent-setting in the true meaning of the term if the Seventh Circuit granted this Rule 23(f) petition seeking interlocutory review of an order certifying a settlement class because it has never, ever happened before.

The framework is important, because all interlocutory appeals of any kind are exceptions to the rule of finality which requires a final judgment before any appeal is permitted. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) ("a party may not take an appeal under [28 U.S.C § 1291, the statute vesting Courts of Appeals with jurisdiction] until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotation marks and citations omitted). After a final judgment, all interlocutory orders can be reviewed. *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 126 (7th Cir. 1997) ("[A]n appeal at the end of the case brings up all interlocutory orders"). Thus every request for interlocutory review is exceptional.

In this situation, the absence of any precedent for granting a Rule 23(f) petition with respect to an order certifying a settlement class is logical and easily understood. When a *litigation* class has been certified, and it appears likely that there will be many more years of litigation before the class certification order can be reviewed after final judgment (if ever, because cases often settle instead of concluding with a judgment), Rule 23(f) can serve a useful function in saving the court system and the parties from expending tremendous resources that would have been avoided if there

had been interlocutory review and a reversal. *See Blair*, 181 F.3d at 834 (explaining that Rule 23(f) interlocutory appeals may be useful in specific circumstances: "Many corporate executives are unwilling to bet their company that they are in the right in big-stakes litigation, and a grant of class status can propel the stakes of a case into the stratosphere.").

By contrast, when a *settlement* class has been certified, the next steps will occur quickly, and a final judgment will likely be entered in the near future. Soon after certification of the settlement class, notice will issue, and the Court will adopt a timeline leading to a final fairness hearing in a matter of months. If the Court enters a final judgment in 90 days or so at the conclusion of the periods for notice, objections, opt-outs, and the final fairness hearing, *all* prior orders may be appealed and reviewed at that time. Here, that will include, for example, the decisions to allow intervention, deny discovery, certify the settlement class and class counsel, preliminarily approve the settlement, issue notice, overrule objections (if that occurs), and finally approve of the settlement at the final fairness hearing (again, if that occurs). Instead of a narrow, piecemeal appeal, all issues can be presented to the Seventh Circuit after the ruling on final fairness.

There is also a second reason counseling strongly against the grant of an objector's Rule 23(f) petition in the context of a settlement class. Where a litigation class has been certified, the would-be appellant filing a Rule 23(f) petition is the class action defendant, which is directly and significantly impacted by the certification order, and has an obvious interest in seeing it reversed. By contrast, an objector seeking to appeal an order certifying a settlement class has no similar interest at stake. That objector cannot be forced to be a member of the settlement class, and can prevent the certification order from affecting its rights merely by opting out. The objector, therefore, has no need for an interlocutory review of the certification order (or, indeed, any appeal of that order at all). This is particularly so in this case where the Objectors plus their parent, Liberty,

are prosecuting their own claims against AIG, and thus have no actual need to participate in the class action.

Furthermore, the chances in the Seventh Circuit that a Rule 23(f) petition will be granted even in a typical situation -- certification of a *litigation* class – are only about 36%. *Rule 23(f): A Note on Law and Discretion in the Courts of Appeals*, 246 F.R.D. 277, 284 (2008) (quoting Judge Diane P. Wood) ("The vast majority of our rulings on 23(f) motions are not published. It just happens quietly in the chambers of the judges and *we normally don't take them*, so you're going to have a distorted view of what's going on if you're looking only at the published opinions.") (emphasis added). Based on the case law and the logic of this situation, there is no basis to believe that the Seventh Circuit would grant a Rule 23(f) petition to review the certification of this settlement class. On that ground alone, the Motion to Stay should be denied.

**B.      Objectors Fail the Second "Substantial Likelihood of Success" Test.**

In the ordinary case of a Rule 23(f) petition to review certification of a *litigation* class, a party who is disappointed by a class certification order and seeks interlocutory review bears a heavy burden, and must surmount numerous hurdles, including demonstrating that the case falls within one of the three categories the Seventh Circuit has identified as appropriate for interlocutory review under Rule 23(f): (a) where the denial of class status "sounds the death knell of the litigation, because the representative plaintiff's claim is too small to justify the expense of the litigation;" (b) where the grant of class status puts "considerable pressure on the defendant to settle, even when the plaintiff's probability of success on the merits is slight;" and (c) where an appeal may facilitate the development of class action law. *Blair*, 181 F.3d at 834-35. Because Objectors propose to appeal the Court's order certifying a *settlement* class, the first and the second categories do not apply. Moreover, Objectors have not even tried to articulate how their proposed interlocutory appeal may facilitate the development of class action law.

Even assuming that this Court's certification decision fell within any of those categories, the Seventh Circuit will grant Rule 23(f) petitions only in instances where the petitioner can demonstrate that the ruling on class certification is questionable. *See Blair*, 181 F.3d at 834-35 (noting that appellant must demonstrate that the ruling is questionable, "taking into account the discretion the district judge possesses in implementing Rule 23, and the correspondingly deferential standard of appellate review"); *see also Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 142 (2d Cir. 2001) (denying interlocutory review where petitioners failed to show that certification was questionable, even though class certification would effectively terminate the litigation).

Rather than articulating why their Rule 23(f) petition or their hoped-for appeal will be successful, Objectors state that reversal of the Court's order certifying the settlement class is a "possibility". The case upon which Objectors rely (which involved a litigation class) stated that it was "possible" that the Court of Appeals could reverse the class certification order, *but then denied the stay. Rosen v. J.M. Auto Inc.*, 07-61234-CIV, 2009 WL 7113827, at *1-2 (S.D. Fla. May 20, 2009). Indeed, *Rosen* noted that the petitioning defendants had not established to the satisfaction of the District Court a "substantial likelihood of success" on the merits of the interlocutory appeal. *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 4 (D.D.C. 2002), another case involving a litigation class, presented a somewhat different situation and outcome. There, the District Judge granted a stay under Rule 23(f) based on the belief that the defendants had shown a likelihood of success both with respect to the Rule 23(f) petition and the possible appeal. In fact, the District Court actually recommended that the Court of Appeals grant the Rule 23(f) petition. *Id.* at 5. As it turned out, though, the Rule 23(f) petition was ultimately denied by the D.C. Circuit, 289 F.3d 98 (D.C. Cir. 2002), so the improvidently issued stay unnecessarily brought the case to a halt.

Here, Objectors' assertion that reversal is a "possibility" falls well short of establishing a substantial likelihood that their potential appeal (if it is even allowed under Rule 23(f)) will be successful.  In any case, this Court's certification order is very likely to be affirmed.  To begin, the standard of review of the District Court's order certifying a class action is deferential.  *See In re Household Int'l Tax Reduction Plan*, 441 F.3d 500, 502 (7th Cir. 2006) (affirming order granting class certification under abuse of discretion review).  Moreover, no one can question the time, patience, and attention which the Court has given to a full consideration of all the arguments made by all of the parties.  After seven hours of oral argument (five on June 21 and two more on July 25), following the close review of thousands of pages of briefs, declarations, and other exhibits, and a thoughtful, balanced 20-page Opinion, it is clear that this Court did not abuse its discretion.  So even if the Objectors could persuade the Seventh Circuit to go where no Circuit Court has gone before, the likelihood of success obtaining a reversal of the Opinion is very slight.

## II.    WHILE OBJECTORS WILL NOT BE HARMED BY THE DISSEMINATION OF CLASS NOTICE, ABSENT CLASS MEMBERS WILL SUFFER FROM FURTHER DELAY.

Rather than address any of the other factors which govern this Court's consideration of their request for a stay under Rule 23(f), Objectors instead argue only about the alleged "burden" and "confusion" that would be visited upon the absent class members should notice of the class settlement be disseminated, and the order granting class certification is (a) accepted by the Seventh Circuit for interlocutory review, and (b) ultimately reversed by the Seventh Circuit.  This argument fails for two main reasons.  First, Objectors have failed to show -- as they must -- that *they* will be irreparably harmed by the issuance of notice.  Second, Objectors fail to show how the notification of absent class members could cause them harm.

Objectors have failed to articulate any manner at all in which they would be harmed by the dissemination of notice to absent class members.  Without the threat of irreparable harm, a

request for a stay under Rule 23(f) should be denied. *See Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2774446, at *2 (N.D. Ohio July 12, 2010) (denying request for stay under Rule 23(f) because defendants failed to show that they would suffer irreparable harm if the case was not stayed). Courts that have granted stays pending decision on a Rule 23(f) appeal have done so because, if the litigation were allowed to continue during the Rule 23(f) process, the costs to the party seeking the stay (usually the defendant seeking to appeal a class certification order) would be great, and a potential reversal of the class certification order would render those expenditures wasted. *Johnson v. Geico Gas Co.*, 269 F.R.D. 406, 413 (D. Del. 2010) (district court granted stay of discovery related to class certification which would have cost defendant approximately $1 million, but all other proceedings, including merits discovery, would not be stayed); *Andrews*, 474 F. Supp. 2d at 1010 (granting request to stay proceedings pending Rule 23(f) appeal because defendant would be irreparably harmed by having to send out notice to the class and respond to discovery). None of these considerations applies here. Objectors face no discovery or other costs associated with notifying the class, nor would they be tasked with administrative responsibilities for issuing class notices. Instead, these are issues for the settling parties and not the Objectors. In making arguments predicated on the costs which will be incurred by the settling parties, and efforts of absent class members who are entitled to make their own assessments of the proposed Settlement, the Objectors are in danger of becoming officious intermeddlers who interfere in the important business of others.

The Objectors assert that it would be a burden for the absent class members to educate themselves on the fairness of the class settlement, but Objectors fail to make any showing that learning of the class settlement and evaluating the issues would harm the absent class members in any way. Rather, the posture of this case (now in its fifth year) and the nature of the settlement class indicate that it would be harmful to the settlement class to withhold notice. It is time to notify

the class members so they can move forward expeditiously to consider their positions and make appropriate business decisions for themselves.

The Court has found that the members of the settlement class have been uniquely well-informed about the developments in this case, and at least some of the absent class members have already evaluated and approved of the settlement. Opinion, at 15. Indeed, it is very likely that many absent class members are already aware that this Court has preliminarily approved the settlement because of the number of the companies who send counsel to monitor the court hearings, and the fact that there has been substantial coverage by the industry press of these important developments. These companies are intensely interested, and the assertion of potential "confusion" seems far-fetched.

As the Court has noted on a number of occasions, the class members are sophisticated insurance companies, many of which employ in-house counsel, and they are fully capable of evaluating the fairness of the settlement. Indeed, this is not a typical consumer class, but rather a class of highly sophisticated entities. (March 10, 2011 Tr. at 29.) Thus, the concern illustrated in the cases cited by Objectors regarding the dissemination of notice -- a fear that absent class members who belong to vast consumer cases will be confused if a subsequent notice rescinding certification were to be issued after a possible reversal, if the Court of Appeals accepted the Rule 23(f) petition in the first place -- is simply not applicable here. *See Jenkins v. Hyundai Motor Co.*, No. C2-04-720, 2008 WL 2268319 (S.D. Ohio June 2, 2008) (confusion a concern regarding a class of consumers involving claims related to allegedly defective repossession notices). These absent class members will not be "confused" by a correction notice, should that become necessary in the future. Furthermore, the possible confusion of absent class members does not by itself warrant a stay of proceedings. *See Rosen*, 2009 WL 7113827 at *2 (acknowledging the

potential for confusion among absent class members, but *denying* a Rule 23(f) request for stay of dissemination of notice).

Moreover, the harm to the Settlement Class Plaintiffs, AIG, and the class members far outweigh the non-existent harm to Objectors. This litigation has been pending since 2007 and has been hard-fought at every step. All of the parties have spent substantial sums of money litigating the case, and the absent class members have borne a significant portion of that bill. Opinion, at 8. The parties who wish to settle in good faith deserve the right to move forward expeditiously towards what they hope will be an end to a long, bitter fight, and eventual peace in the industry. It has been said many times before, but in the context of this legally and factually baseless effort to slow down and stay the proceedings, it should be said again: the Objectors have the right to opt out of the Settlement Class, and if they strongly believed in the righteousness of their positions, they would do so. It is time, though, for them to get out of the way of the rest of the members of the class.

## III.   THE PUBLIC INTEREST FAVORS THE DENIAL OF THE MOTION TO STAY.

Another significant factor to be considered by the Court, but one that is completely ignored by the Objectors, is the public interest. *See Andrews*, 474 F. Supp. 2d at 1007. Here, the public interest strongly favors a denial of the Motion to Stay. As this Court noted, the Regulatory Settlement Agreement, approved by all 51 insurance commissioners, is conditioned on final approval of this Settlement by December 31, 2011. Opinion, at 4. Should the Motion to Stay be granted and Objectors' Rule 23(f) petition be denied, or the Court's order certifying the settlement class be affirmed, there is a real possibility that the time-table for the approval process will extend past that December 31, 2011 deadline, which could impact the Regulatory Settlement Agreement.

The public has a substantial interest in the effectuation of the Regulatory Settlement Agreement, as evidenced by the unanimous approval of all 51 insurance commissioners. Therefore,

the public interest favors a timely resolution of the motion to approve this Settlement. Accordingly, it is in the public interest to deny the Motion to Stay, which seeks to delay and derail that process. The Objectors should not be allowed to run out the clock through a baseless Motion to Stay.

## IV.    CONCLUSION

The Objectors were required to make a "strong" showing both that their Rule 23(f) petition is likely to be granted by the Seventh Circuit, and that the Court of Appeals is likely to reverse this Court's order certifying a settlement class. The Objectors were required to show that they will be irreparably harmed if a stay is denied, and that a stay will not injure the settling parties. The Objectors were required to establish that the stay is in the public interest. Yet the Objectors have failed to carry their burden on a single one of these issues, and actually ignored most of them altogether.

For these reasons, Settlement Class Plaintiffs and AIG respectfully request that this Court deny the Motion to Stay.

Dated:  August 4, 2011

Respectfully submitted,

ACE INA HOLDINGS, INC., AUTO-OWNERS
INSURANCE CO., COMPANION PROPERTY &
CASUALTY INS. CO., FIRSTCOMP INSURANCE
CO., THE HARTFORD FINANCIAL SERVICES
GROUP, INC., TECHNOLOGY INSURANCE CO.,
and THE TRAVELERS INDEMNITY COMPANY

By: /s/ Frederic R. Klein
    One of Their Attorneys

Frederic R. Klein
William C. Meyers
Kerry D. Nelson
Nury R. Agudo
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

Respectfully submitted,

AMERICAN INTERNATIONAL GROUP, INC., *et al.*

By: /s/ Stephen Novack
    One of Their Attorneys

Stephen Novack
Andrew D. Campbell
Rebekah H. Parker
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Kevin S. Reed
Jennifer J. Barrett
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000