IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., ET AL., | ) ) | |
| Plaintiffs, | ) ) | No. 07 C 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., ET AL., | ) ) | |
| Defendants. | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 2026 |
| v. | ) ) | Judge Robert W. Gettleman |
| AMERICAN INTERNATIONAL GROUP, INC., ET AL., | ) ) ) | |
| Defendants. | ) | |

**FINDINGS AND ORDER CERTIFYING A SETTLEMENT
CLASS AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

In May 2007, the National Council on Compensation Insurance, Inc. ("NCCI"), as attorney-in-fact for the participating companies of the National Workers Compensation Reinsurance Pool ("NWCRP"), filed the original complaint in this matter against AIG, alleging that AIG underreported premiums received on workers compensation policies to insurance regulators in numerous States.[1] That action is referred to herein as the "07 Action." In March

---

[1] Unless otherwise specifically defined herein, the capitalized terms in this Order have the same meaning as attributed to them in the Settlement Agreement.

2008, AIG filed counterclaims for an accounting against the NCCI and the NWCRP, as well as a third-party complaint against twenty-four insurance companies alleging claims arising out of, among other things, their alleged underreporting and/or their participation on the NWCRP's Board of Governors.  In August 2009, the Court dismissed the NCCI's complaint for lack of standing, and AIG was realigned as the plaintiff in the 07 Action.  AIG filed a first amended complaint in September 2009, and Liberty Mutual Insurance Company and The Hartford Financial Services Group have asserted counterclaims against AIG arising out of AIG's alleged underreporting of workers compensation premium.  In April 2009, Safeco Insurance Company of America and Ohio Casualty Insurance Company (collectively the "Litigation Named Plaintiffs") filed a putative class action against AIG, which alleges that AIG fraudulently underreported workers compensation premium to various state insurance regulators and to the NCCI, as agent and administrator of the NWCRP (the "Putative Class Action;" together, with the 07 Action, the "Litigations").  The Litigation Named Plaintiffs have filed a motion for class certification, which AIG has opposed.

On January 5, 2011, 7 members of the putative class—ACE INA Holdings, Inc., Auto-Owners Insurance Co, Companion Property & Casualty Insurance Co., FirstComp Insurance Co., The Hartford Financial Services Group, Inc., Technology Insurance Co., and The Travelers Indemnity Company (the "Settlement Class Representatives")—filed a motion to intervene as settlement class representatives and to stay ruling on the Litigation Named Plaintiffs' motion for class certification.  The Settlement Class Representatives have sought to represent a class defined as all insurance companies that participated in the NWCRP or the New Mexico Workers Compensation Assigned Risk Pool ("NMWCARP") at any time during the period from 1970

through the execution date of the Settlement Agreement (defined below), excluding AIG. (The Settlement Class Representatives, AIG, and NCCI and the NWCRP (for the limited purposed of providing releases) are referred to collectively as the "Settling Parties".) On January 28, 2011, the Settlement Class Representatives entered into a settlement agreement with AIG that sought to resolve both the Putative Class Action and the 07 Action (the "Settlement Agreement"), and on January 28, 2011, the Settling Parties moved to certify the Settlement Class. The Settlement Agreement was amended and filed with the Court on July 28, 2011 (D.E. # 422 and 430) ("Settlement Agreement" shall hereinafter refer to the Settlement Agreement, as amended). If approved, the Settlement Agreement would result in dismissal with prejudice of all claims and counterclaims in the Litigations between the Settlement Class Members, AIG, the NWCRP, and/or the NCCI.

On June 21, 2011 and July 25, 2011, the Court held a Preliminary Approval Hearing to determine whether, among other things, to certify a class for settlement purposes and to authorize the issuance of notice to members of the Settlement Class.

Upon reviewing the Settlement Agreement and the application of the Settlement Class Representatives and AIG, and the matter having come before the Court for the Preliminary Approval Hearing, and for the reasons stated in the Court's Memorandum Opinion and Order dated July 26, 2011 (D.E. #426), which is incorporated by reference herein, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Findings.** For purposes of the settlement of the claims against AIG in the Putative Class Action (and only for such purposes, and without an adjudication of the merits), the Court finds that the requirements of the Federal Rules of Civil Procedure, the

United States Constitution, the Rules of the Court, and any other applicable law have been met in that:

    a.    Certain of the members of the Settlement Class, as defined in paragraph 3 below, are ascertainable from records kept by the NCCI and/or its agents, and from other objective criteria, and the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

    b.    The commonality requirement of Fed. R. Civ. P. 23(a) is satisfied insofar as Settlement Class Representatives have alleged one or more questions of fact and law common to the Settlement Class, including whether AIG violated federal law and common law by allegedly fraudulently underreporting workers compensation premium to various state insurance regulators and to the NCCI.

    c.    Based on Settlement Class Representatives' allegations that AIG engaged in uniform misconduct affecting members of the Settlement Class, the Court finds that the claims of Settlement Class Representatives are typical of the claims of the Settlement Class, and that Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class, in that (i) the interests of Settlement Class Representatives and the nature of their alleged claims are consistent with those of members of the Settlement Class, (ii) there appear to be no conflicts between or among Settlement Class Representatives and other Settlement Class Members, (iii) Settlement Class Representatives have

      been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Putative Class Action, and (iv) Settlement Class Representatives and Settlement Class Members are represented by qualified, reputable counsel that are experienced in litigating large, complicated class actions.

  d. The Court finds that, for settlement purposes, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class and that a class-action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the Putative Class Action. In making these findings, the Court has considered, among other factors, (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions, (ii) the impracticability or inefficiency of prosecuting or defending separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

 2. **Appointment of Class Counsel.** The Court hereby appoints Goldberg Kohn Ltd. as counsel for the Settlement Class. The Court finds that Goldberg Kohn Ltd. has the necessary resources, experience, and familiarity with the legal and factual issues in these cases to serve as class counsel, and that Goldberg Kohn Ltd. does not have any interests that conflict with those of the Settlement Class.

3. **Class Certification for Settlement Purposes.** Based on the findings set forth in paragraph 1 above, the Court certifies the Class for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Settlement Class consists of all insurance companies, and their parents, predecessors, successors, subsidiaries and affiliates, other than AIG, that participated in the NWCRP or the NMWCARP, at any time during the period from 1970 through the Execution Date, whether or not those insurance companies also participated in any other workers compensation residual market mechanism operating in any of the 50 States and the District of Columbia. The Settlement Class certified for settlement purposes in this Action shall *not* include such companies that submit valid and timely requests for exclusion from the Settlement Class in accordance with the procedures set out in paragraph 10 below. The Court finds that, for the sole purpose of settlement, and without an adjudication of the merits, the Settlement Class is sufficiently well-defined and cohesive.

4. **Issue for Certification.** The issue that will be subject to class-wide treatment is whether the terms of the proposed settlement are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e) and governing law construing that Rule. In making that determination, the Court also has considered (and will consider in an Order to be issued after the Fairness Hearing) whether proper notice of the proposed settlement is being given under Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(l) to the potential Settlement Class and any other relevant person so that the proposed Settlement's terms can be binding if the Court ultimately approves the proposed Settlement embodied in the Settlement Agreement.

5. **Findings Regarding Proposed Settlement.** The Court finds that (i) the Settlement Agreement, as amended, resulted from extensive arm's-length negotiations and was

concluded only after Litigation Named Plaintiffs and the Settling Parties had conducted broad discovery and the parties had consulted independent experts about the issues raised by the Putative Class Action, and (ii) the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Putative Class Action and Settlement Agreement to Settlement Class Members and holding a full hearing on the proposed settlement.

6. **Fairness Hearing.** The Court hereby schedules a hearing (the "Fairness Hearing") for November 29, 2011 at 10:00 a.m. CST to consider, among other things:

   a. whether the proposed Settlement should be approved as fair, reasonable and adequate and the Putative Class Action dismissed with prejudice pursuant to the terms of the Settlement Agreement;

   b. whether the Notice, Summary Notice, and notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the Release) of their rights to object to the proposed settlement and to appear at the Fairness Hearing and of their right to exclude themselves from the Settlement Class, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice, and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law;

c. whether Settlement Class Representatives and Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

d. whether Settlement Class Members (including Settlement Class Members that are parties to any other litigation, arbitrations or other proceedings pending on the Final Settlement Date, to the extent such litigation, arbitration or other proceeding is based upon a Released Claim and is brought against any or all of the Releasees), on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through any of the Settlement Class Members and any person or entity representing any or all Settlement Class Members, should be bound by the Releases set forth in the Settlement Agreement;

e. whether Settlement Class Members (including Settlement Class Members that are parties to any other litigation, arbitration or other proceedings pending on the Final Settlement Date, to the extent such litigation, arbitration or other proceeding is based upon a Released Claim and is brought against any or all of the Releasees), on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through any of the Settlement Class Members and any person or entity representing any or all Settlement Class Members,

should be permanently barred, enjoined and restrained from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding brought against any or all of the AIG Releasees, NCCI Releasees, and NWCRP Releasees or order in any jurisdiction entered against any or all of the AIG Releasees, NCCI Releasees, and NWCRP Releasees that is based upon, arises out of or relates to any Released Claim or NWCRP Released Claim;

f. whether any and all persons and entities should be permanently barred and enjoined from organizing any Settlement Class Members for the purposes of pursuing as a purported class action (including seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit against any or all of the AIG Releasees, NCCI Releasees, and NWCRP Releasees that is based upon, arises out of or relates to any Released Claim or NWCRP Released Claim;

g. whether a complete bar (the "Bar Order") should be entered that, among other things, (i) permanently bars, enjoins and restrains any and all persons or entities from commencing, prosecuting or asserting any claim (including any claim for indemnification, contribution or attorneys' fees) against any AIG Releasees, NCCI Releasees, and NWCRP Releasees where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or a Settlement

        Class Member, (ii) permanently bars, enjoins and restrains any and all AIG Releasees, NCCI Releasees, and NWCRP Releasees from commencing, prosecuting or asserting any claim (including any claim for indemnification or contribution) against any other person or entity where the AIG Releasee's, NCCI Releasee's, or NWCRP Releasee's alleged injury is based upon that person's or entity's alleged liability to the Settlement Class or a Settlement Class Member and (iii) provides for a judgment-reduction credit reducing any judgment that the Settlement Class or a Settlement Class Member might obtain against any barred person or entity in connection with a Released Claim by the greater of (x) the settlement amount paid by AIG or (y) an amount that corresponds to AIG's percentage of responsibility for the loss to the Settlement Class or Settlement Class Member;

    h.    whether any application for attorneys' fees and expenses that will be filed by Class Counsel or any other attorneys for any or all Settlement Class Members, and any incentive payments sought by the Settlement Class Representatives, should be approved.

7.    **Notice to Class Members.**  Notice of the settlement of the Litigations shall be provided to Settlement Class Members as follows:

    a.    No later than August 19, 2011, the Settling Parties shall cause the Administrator to mail, by first-class mail, postage prepaid, the Notice, in a form approved by the Court, (i) to each entity in the Settlement Class that

10

        can be identified by reasonable effort and (ii) in cases of pending litigation, arbitration or mediation against AIG, involving any Released Claims, to all legal counsel known by AIG to represent the Settlement Class Member in such litigation, arbitration or mediation.

    b.    If the mailings described in the preceding paragraph result in any Notice being returned to the Administrator with an updated address, the Notice shall be re-mailed to the addressee within two (2) Business Days of receipt of the updated address; provided however, that if such updated address is received by the Administrator less than five (5) Business Days prior to (or after) the date of the Fairness Hearing, no re-mailing shall be required.

    c.    No later than August 19, 2011, the Settling Parties shall cause the Administrator to publish the Notice and Summary Notice on the Administrator's website.

    d.    No later than September 6, 2011, the Settling Parties shall cause the Summary Notice, in a form approved by the Court, to be published once in all editions of *Business Insurance* and *National Underwriter*.

At or before the Fairness Hearing, the Settling Parties and/or the Administrator shall file with the Court proof of (i) mailing of the Notice pursuant to paragraphs 7.a-7.b above, (ii) publication of the Notice on the website identified in paragraph 7.c above, and (iii) publication of the Summary Notice pursuant to paragraph 7.d above.

    8.    **Findings Concerning Notice.**  Having considered the forms and methods of providing notice to Settlement Class Members, the Court finds that notice given in the form and

11

manner provided in paragraph 7 above (i) is the best practicable notice and (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the claims alleged in the Class Action, the effect of the Settlement Agreement (including the Release), their right to object to the proposed settlement, and their right to exclude themselves from the Settlement Class. The Court further finds that the Notice and Summary Notice provided in the Settlement Agreement are simply written and will be readily understandable by Settlement Class Members—all sophisticated insurance companies—and that the Notice, Summary Notice, and notice methodology are reasonable, constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

9. **Retention of Administrator.** The Court authorizes the Settling Parties to retain Kurtzman Carson Consultants as an Administrator that will act on behalf of the Court pursuant to Rule 53(c) of the Federal Rules of Civil Procedure. The Administrator will assist the Settling Parties in, among other things, (i) mailing or arranging for the mailing (and remailing, if required) of the Notice; (ii) arranging for publication of the Summary Notice; (iii) publishing the Notice and Summary Notice on the Administrator's website; (iv) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or its designee(s); (v) receiving and maintaining on behalf of the Court any requests for exclusion received from potential Settlement Class Members; (vi) establishing a call center with a toll-free number, website and e-mail address to answer inquiries from Settlement Class Members,

including a system for e-mail inquiries and replies; (vii) providing additional copies of the Notice, upon request, to Settlement Class Members; (viii) arranging for allocation of the Class Fund to Settlement Class Members consistent with the Plan of Allocation prepared by the NCCI in its capacity as administrator of the NWCRP and the NMWCARP; and (ix) otherwise assisting Class Counsel and AIG's Counsel or their designees with the administration and implementation of the Settlement Agreement.

10. **Exclusions.** Any potential Settlement Class Member that wishes to be excluded from the Settlement Class must mail by first-class mail or otherwise deliver a written request to the Clerk of the Court, care of the address provided in the Notice postmarked or delivered no later than October 3, 2011. A request for exclusion shall include the following information: (i) the potential Class Member's name, (ii) its address, (iii) its telephone number, (iv) the residual market mechanism(s) (NWCRP or NMWCARP) in which it participated, and (v) the approximate dates of its participation in the identified mechanism(s). A list of the entities that have requested exclusion shall be provided to the Court by the Settling Parties at or before the Fairness Hearing. A potential Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the procedures in this paragraph even if it has pending, or later initiates, any other litigation, arbitration or proceeding based on or involving Released Claims.

11. **Objections.** Any Settlement Class Member that wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the Plan of Allocation, to any term(s) of the Settlement Agreement or to any proposed award of attorneys' fees or incentive payments must both file with the Court and serve on Class Counsel and AIG's Counsel (as

identified in the Notice) a statement of its objection(s). The Settlement Class Member's statement of objection shall state the specific reason(s), if any, for each such objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such statement of objection must be received by the Court and counsel identified in the Notice by no later than October 3, 2011. If a Settlement Class Member hires an attorney to represent him, her or it in connection with filing an objection, the attorney must both file with the Court and serve on Class Counsel and AIG's Counsel (as identified in the Notice) a notice of appearance. Such notice of appearance must be received by the Court and the counsel identified in the Notice by no later than October 3, 2011.

12. **Appearance at Fairness Hearing.** Any Settlement Class Member that files and serves a written objection in accordance with paragraph 11 above—and only such Settlement Class Members—may appear at the Fairness Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to (i) the fairness, reasonableness or adequacy of the Settlement Agreement, (ii) the Plan of Allocation, (iii) attorneys' fees or incentive payments, or (iv) any terms of the Settlement Agreement. Settlement Class Members or their attorneys intending to make an appearance at the Fairness Hearing must both file with the Court and serve on Class Counsel and the AIG's Counsel (as identified in the Notice) a notice of intention to appear. Such notice of intention to appear must be received by the Court and the counsel identified in the Notice by no later than October 3, 2011.

13. **Access to Discovery Materials.** Any Settlement Class Member that wishes to review the discovery materials produced by AIG in the Putative Class Action to assess the

14

Settlement Agreement (and for that purpose only) may do so under the terms of the Settlement Agreement and upon execution of the Stipulation of Confidentiality in substantially the form attached as Exhibit G to the Settlement Agreement. The terms of the Stipulation of Confidentiality are hereby incorporated into this Preliminary Approval Order, and any breach of the Stipulation of Confidentiality shall constitute a violation of this Preliminary Approval Order and may, upon application to this Court by any aggrieved party, result in an order of contempt of Court and/or other sanctions.

14. **Preliminary Injunction.** All Settlement Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b and assigns), any person or entity claiming by or through a Settlement Class Member, and any person or entity representing any or all Settlement Class Members, are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding against any or all AIG Releasees, NCCI Releasees, and NWCRP Releasees or order in any jurisdiction entered against any or all AIG Releasees, NCCI Releasees, and NWCRP Releasees, that is based upon, arises out of or relates to any Released Claims or NWCRP Released Claims. All persons or entities are preliminarily enjoined from filing, commencing or prosecuting any other lawsuit against any or all AIG Releasees, NCCI Releasees, and NWCRP Releasees as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Settlement Class Member(s) if such other lawsuit is based on, arises out of or relates to the Released Claims or

NWCRP Released Claims. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action.

15. **Binding Effect.** All Settlement Class Members and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.I-02.b) and assigns will be bound by all proceedings, orders and judgments relating to the Settlement Agreement, even if such Settlement Class Members have previously initiated or subsequently initiate litigation, arbitration or other proceedings, or have any other claim against any or all of the AIG Releasees, NCCI Releasees, and NWCRP Releasees relating to any of the Released Claims or NWCRP Released Claims.

16. **Service of Papers.** Class Counsel and AIG's Counsel shall serve on each other and on all other parties that have filed notices of appearance, at least 30 days before the Fairness Hearing, any further documents in support of the Settlement Agreement, including responses to any papers filed by Settlement Class Members and/or Class Counsel. Class Counsel and AIG's Counsel shall promptly furnish to each other any and all objections, notices of appearance and notices of intention to appear that may come into their possession, and if those papers are not on file with the Court, shall file them with the Court at least 30 days before the date of the Fairness Hearing.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if (i) the proposed settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement, or (ii) the Settlement Agreement is terminated or does not become

effective in accordance with the terms of the Settlement Agreement for any other reason. In such event, the Settlement Agreement shall become null and void and be of no further force or effect.

18. **Use of Order.** This Order shall be of no force or effect if the Settlement Agreement does not become final and shall not be construed or used as an admission, concession or declaration by or against the Settling Parties, the AIG Releasees, the NCCI Releasees, or the NWCRP Releasees, or any of them individually, of any fault, wrongdoing, breach or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against Settlement Class Representatives or any Settlement Class Member that their claims lack merit or that the relief requested in the Putative Class Action is inappropriate, improper or unavailable, or as a waiver by any Settling Party of any defenses or claims it may have.

19. **Continuance of Hearing.** The Court may continue the Fairness Hearing without further written notice.

SO ORDERED this 5th day of August, 2011.

_____
HONORABLE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT COURT JUDGE