**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 CV 2898 |
| vs. | ) ) | District Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., *et al.*, | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.*, individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) | No. 09 CV 2026 |
| | ) ) | District Judge Robert W. Gettleman |
| Plaintiffs, vs. | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**SETTLEMENT CLASS PLAINTIFFS'**
**OPPOSITION TO LIBERTY'S MOTION TO INTERVENE**

Settlement Class Plaintiffs, by their undersigned counsel, hereby respectfully file this opposition to the Motion to Intervene (R. 464) filed by the "Liberty Mutual" companies ("Liberty").

In orders dated July 26, 2011 (Memorandum Opinion and Order, R. 426) and August 5, 2011 (Findings and Order Certifying a Settlement Class and Preliminarily Approving Proposed Settlement ["Findings and Order"], R. 438), the Court certified this case as a class action, and certified the Settlement Class Plaintiffs as class representatives and the

undersigned as class counsel. In accordance with the Court's Findings and Order, the class members may do nothing and therefore be bound by the Court's further orders, or the class members may:

    (a)    object to any aspect of the settlement by October 3, 2011 and appear at the November 29, 2011 final fairness hearing by complying with ¶¶ 11-12 of the Findings and Order; or

    (b)    exclude themselves from the class (often called "opting out") by delivering such a request by October 3, 2011, Findings and Order, ¶ 10, in which case they may not participate in the November 29, 2011 final fairness hearing, or enjoy any of the fruits of the settlement they have rejected by their decision to opt out. MOORE'S FEDERAL PRACTICE § 23.167 [2] [d] (3d ed.) (class members who opt out "may not participate in any monetary benefits that accrue from the judgment in the class action" and "have no right to participate in the settlement"). *See also In re Diet Drugs*, 582 F.3d 524, 535 n.23 (3d Cir. 2009) (parties who opted-out "chose to go without the benefits created by the Settlement Agreement"); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2009 WL 5184352, *9 (W.D. Ky. Dec. 22, 2009) ("Settlement class members who choose to opt-out do not receive any benefits under the settlement . . . ").

Once the Court certified this as a class case, the class members do not need to intervene to be heard. *Devlin v. Scardelletti*, 536 U.S. 1, 8-9, 14 (2002) (all class members have a right to present objections to the district court without having to intervene); *Wrightsell v. Cook County, Ill.*, 599 F.3d 781, 784 (7th Cir. 2010) (objector to class settlement may appeal class action settlement without having intervened before the district court); *In re Lawnmower Engine Horsepower Marketing & Sales Practices Litig.*, 733 F. Supp. 2d 997,

1016 (E.D. Wisc. 2010) (denying objectors' motions to intervene as moot because intervention is not necessary in order for class members to present objections to a class action settlement). *See also Newberg on Class Actions* § 16:6 (4th ed.): "Intervention by a class member after certification is unnecessary under amended Rule 23 in order to participate in any judgment, since such a requirement would contravene class action policy." Thus, it is not necessary or appropriate for a class member to intervene after a class has been certified.[1] Liberty is a member of the class, so the Motion to Intervene is unnecessary and should be denied as moot. *In re Lawnmower Engine*, 733 F. Supp. 2d at 1016.

      If Liberty, in accordance with ¶ 10 of the Findings and Order, elects to exclude itself from the class on or before October 3, 2011, Liberty may at that point file a motion to intervene to present a fee petition. Any such motion would be futile, however, as parties who opt out of a class are not permitted to participate or share in the class settlement. *See MOORE's, supra; In re Diet Drugs, supra;* and *In re Countrywide, supra.*

---

[1] Before certification, intervention by class members is generally allowed. *See Lantz v. Am. Honda Motor Co., Inc.*, No. 06 C 5932, 2007 WL 2875239, *4 (N.D. Ill. Sept. 27, 2007) (intervention allowed before class has been certified); *Mirfasihi v. Fleet Mortg. Corp.*, No. 01 C 722, 2004 WL 2609184, at *3 (N.D. Ill. Nov. 17, 2004) (allowing intervention where "[a] class has not been certified nor has a determination been made that the existing plaintiff is an adequate class representative or that putative lead counsel is suitable").

Dated: September 21, 2011

                Respectfully submitted,

                ACE INA HOLDINGS, INC., AUTO-OWNERS INSURANCE CO., COMPANION PROPERTY & CASUALTY INS. CO., FIRSTCOMP INSURANCE CO., THE HARTFORD FINANCIAL SERVICES GROUP, INC., TECHNOLOGY INSURANCE CO., and THE TRAVELERS INDEMNITY COMPANY

                By   /s/ Frederic R. Klein
                      One of Their Attorneys

Frederic R. Klein
William C. Meyers
Kerry D. Nelson
Nury R. Agudo
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on September 21, 2011, he caused a true and correct copy of **Settlement Class Plaintiffs' Opposition to Liberty's Motion to Intervene** to be served upon the parties of record via the Court's ECF/electronic mailing system.

/s/ Frederic R. Klein