UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., <br>     Plaintiffs, <br><br> v. <br><br> ACE INA HOLDINGS, INC., et al., <br>     Defendants. | Case No. 07 CV 2898 <br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., <br>     Counter-Claimants, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., et al., <br>     Counter-Defendants. | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on Behalf of a Class consisting of members of the National Workers Compensation Reinsurance Pool, <br>     Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., et al., <br>     Defendants. | Case No. 09 CV 2026 <br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |

**SAFECO, OHIO CASUALTY AND LIBERTY MUTUAL'S RENEWED MOTION FOR ORDER REQUIRING ATTENDANCE OF, AND PERMITTING OBJECTORS TO CALL AND CROSS-EXAMINE, ADVERSE WITNESSES AT THE FAIRNESS HEARING**

Safeco Insurance Company of America ("Safeco"), Ohio Casualty Insurance Company ("Ohio Casualty") and Liberty Mutual[1] (collectively, "Objectors") hereby move that this Court enter an order requiring Settlement Class Plaintiffs and AIG to make the following witnesses, all of whom are under the control of Settlement Class Plaintiffs or AIG,[2] available for examination at the Fairness Hearing, and permitting Objectors to call them as witnesses at the Fairness Hearing: David Appel, Steven Bloss, Henry J. Jacobs, Thomas W. Jenkins, Jonathan B. Hale, Frederic R. Klein, J. David Leslie, Stephan P. Letak, William H. Malphurs, Matthew P. Merlino, Robert Benmosche, Thomas Russo, Daniel Schlessinger, Kenneth Schroeder, Rowe W. Snider, and Joseph M. Treacy. To the extent that any of these witnesses is not made available for cross-examination at the Fairness Hearing, Objectors move to strike any declaration of that witness.

In support of this motion, Objectors state as follows:

1. On October 3, 2011, Objectors filed a Motion for Leave to Take Discovery and To Call and Cross-Examine Adverse Witnesses at the Fairness Hearing (Docket No. 492). By Order dated October 11, the Court denied this motion "with respect to taking any additional discovery," but reserved ruling on the additional relief sought by the motion. The Court also set a pre-hearing conference for November 22, 2011, a week before the scheduled Fairness Hearing. To date, however, the Court has not indicated whether the parties will be allowed to call witnesses to testify at the Fairness Hearing, as Objectors have indicated that they intend to do.

---

[1] "Liberty Mutual" refers to Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, The First Liberty Insurance Corporation, Employers Insurance Company of Wausau, Wausau Business Insurance Company, Wausau General Insurance Company and Wausau Underwriters Insurance Company.

[2] To the extent that Settlement Class Plaintiffs or AIG contend that any of these witnesses are not subject to their control, Objectors request that the Court order that such witnesses be made available for examination or cross-examination by deposition prior to the Fairness Hearing.

2. On October 28, 2011, AIG and Settlement Class Plaintiffs filed their responses to the Statements of Objections filed by Safeco, Ohio Casualty, Liberty Mutual and other class members, together with their Joint Motion for Approval of Class Action Settlement (the "Joint Motion"), and Proposed Findings of Fact and Conclusions of Law. Those filings rely for evidentiary support entirely upon declarations filed by AIG and the Settlement Class Plaintiffs from the following witnesses, among others: David Appel, Steven Bloss, Henry J. Jacobs, Thomas W. Jenkins, Jonathan B. Hale, Frederic R. Klein, J. David Leslie, Stephan P. Letak, William H. Malphurs, Matthew P. Merlino, Daniel Schlessinger, Kenneth Schroeder, Rowe W. Snider, and Joseph M. Treacy. Because the Court denied Objectors' request to conduct discovery directed to the Proposed Settlement Agreement, none of those witnesses has ever been examined by Objectors with respect to facts relevant to the issues that the Court will adjudicate at the Fairness Hearing.

3. On October 31, in response to a request by counsel for Objectors, Settlement Class Plaintiffs disclosed that neither they nor AIG intended to call any witness to testify at the Fairness Hearing. Consequently, in the absence of the relief sought by this motion, Objectors will have no opportunity to cross-examine any of the witnesses upon whose declarations Settlement Class Plaintiffs and AIG rely in support of their Joint Motion.

4. Further, both AIG and Settlement Class Plaintiffs contend in support of their Joint Motion that AIG did not discount its $450 million settlement offer to reflect the value of AIG's premium underreporting claims against certain of the Settlement Class Plaintiffs that would be released under the proposed settlement, and they rely upon the sworn declarations of certain non-AIG witnesses (including Messrs. Jacobs, Hale and Leslie) as the evidentiary support for that position. There is no foundation upon which any such non-AIG witness could possibly testify

based on personal knowledge as to how AIG arrived at its $450 million settlement offer and whether, in doing so, it discounted that offer in order to reflect the otherwise-uncompensated release of its claims against Settlement Class Plaintiffs ACE, Travelers and Hartford. Neither AIG nor Settlement Class Plaintiffs have offered the sworn declaration of Thomas Russo, Robert Benmosche[3] or any other AIG witness on the issue of how AIG actually arrived at its $450 million settlement offer, and whether that offer was discounted to reflect the value of AIG's premium underreporting claims against certain of the Settlement Class Plaintiffs that would be released under the proposed settlement. In fact, no AIG witness has *ever* submitted any statement under oath addressing whether AIG's $450 million settlement offer was discounted. Since AIG does not intend to offer the testimony of any of its witnesses at the Fairness Hearing, in the absence of the relief sought by this Motion, Objectors will have no opportunity to examine any witnesses with personal knowledge as to whether AIG's $450 million settlement offer was discounted to reflect the value of AIG's premium underreporting claims against certain of the Settlement Class Plaintiffs that would be released under the proposed settlement.

5. In the absence of the relief sought by this motion, Objectors will be denied any opportunity (i) to cross-examine any of the declarants upon whose declarations Settlement Class Plaintiffs and AIG rely in support of their Joint Motion and their contention that the Proposed Settlement Agreement is fair, reasonable and adequate; and (ii) to call and examine the only witnesses who possibly could know whether (and, if so, to what extent) AIG discounted its $450 million settlement offer to the class on account of the release of its premium underreporting claims against certain of the Settlement Class Plaintiffs as part of the proposed settlement.

---

[3] Messrs. Russo and Benmosche are AIG executives who were personally involved in the negotiation of the Proposed Settlement Agreement. Mr. Russo was the author of the letter in which AIG's $450 million settlement offer originally appeared.

WHEREFORE Objectors respectfully submit that the Court should enter an order requiring Settlement Class Plaintiffs and AIG to make David Appel, Robert Benmosche, Steven Bloss, Henry J. Jacobs, Thomas W. Jenkins, Jonathan B. Hale, Frederic R. Klein, J. David Leslie, Stephan P. Letak, William H. Malphurs, Matthew P. Merlino, Thomas Russo, Daniel Schlessinger, Kenneth Schroeder, Rowe W. Snider, and Joseph M. Treacy available for cross-examination (or examination, in the case of Messrs. Benmoshe and Russo) at the Fairness Hearing, and permitting Objectors to call those witnesses and conduct those examinations. Objectors further submit that the Court should strike the declarations of any of these witnesses who is not made available for cross-examination by Objectors.

Dated: November 3, 2011

Respectfully submitted,

SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY

By: /s/ Michael A. Walsh
    One of Their Attorneys

Michael A. Walsh (admitted *pro hac vice*)
Allison D. Burroughs (admitted *pro hac vice*)
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 439-2775
mwalsh@nutter.com
aburroughs@nutter.com

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, THE FIRST LIBERTY INSURANCE CORPORATION, EMPLOYERS INSURANCE COMPANY OF WAUSAU, WAUSAU BUSINESS INSURANCE COMPANY, WAUSAU GENERAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY

By: /s/ James A. Morsch
    One of Their Attorneys

James I. Rubin
James A. Morsch
Jason S. Dubner
Mark A. Schwartz
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
jrubin@butlerrubin.com

Gary M. Elden
Gary M. Miller
Matthew O. Sitzer
Daniel M. Hinkle
Grippo & Elden, LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
gelden@grippoelden.com
gmiller@grippoelden.com
msitzer@grippoelden.com
dhinkle@grippoelden.com

jmorsch@butlerrubin.com
jdubner@butlerrubin.com
mschwartz@butlerrubin.com

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that a copy of the foregoing **SAFECO, OHIO CASUALTY AND LIBERTY MUTUAL'S RENEWED MOTION FOR ORDER REQUIRING ATTENDANCE OF, AND PERMITTING OBJECTORS TO CALL AND CROSS-EXAMINE, ADVERSE WITNESSES AT THE FAIRNESS HEARING** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on November 3, 2011.

                                                /s/ Michael A. Walsh
                                                Michael A. Walsh

2053373.1