IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 C 2898 |
| v. | ) ) | |
| | ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., ET AL., | ) ) | |
| Defendants. | ) ) | |
| | ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 2026 |
| v. | ) ) | Judge Robert W. Gettleman |
| AMERICAN INTERNATIONAL GROUP, INC., ET AL., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Safeco Insurance Company of America, Ohio Casualty Insurance Company, and Liberty Mutual,[1] have filed a motion [Dkt. 535] for an order that: (1) requires fourteen individuals who have submitted declarations in support of the settlement,[2] as well as two AIG executives (Thomas Russo and Robert Benmosche) to appear at the fairness hearing scheduled for

---

[1] "Liberty Mutual" refers to, collectively, Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, The First Liberty Insurance Corporation, Employers Insurance Company of Wausau, Wausau Business Insurance Company, Wausau General Insurance Company and Wausau Underwriters Insurance Company.

[2] David Appel, Steven Bloss, Henry J. Jacobs, Thomas W. Jenkins, Jonathan B. Hale, Frederic R. Klein, J. David Leslie, Stephan P. Letak, William H. Malphurs, Matthew P. Merlino, Daniel Schlessinger, Kenneth Schroeder, Rowe W. Snider, and Joseph M. Treacy.

November 29, 2011; and (2) permits the objectors to cross-examine the fourteen adverse witnesses and conduct a direct examination of the two AIG executives. The Settlement Class Plaintiffs have filed a response indicating that they do not intend to call any witnesses and opposing the presentation of witnesses by Safeco, Ohio Casualty, and Liberty Mutual.

The court has reviewed the voluminous briefing and exhibits filed in connection with the certification of the settlement class and preliminary approval of the settlement agreement, and has had the benefit of many hours of oral argument at the class certification and preliminary approval stage, all of which lead the court to conclude that the instant objections would not be further illuminated by live testimony at the final fairness hearing.[3]

Having received more than sufficient materials to conduct the inquiry required by Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 652 (7th Cir. 2006), and to determine whether the settlement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e), the court concludes that there is no reason to hold an evidentiary hearing. Safeco, Ohio, and Liberty Mutual have provided no legal authority for the proposition that objectors are entitled either to cross-examine individuals who have offered declarations in support of a settlement, or to call their own witnesses. Rather, as the Seventh Circuit has instructed, the court operates on the principle that "[t]he temptation to convert a settlement hearing into a full trial on the merits must be resisted." Mars Steel Corp. v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago, 834 F.2d 677, 684 (7th Cir. 1987).

---

[3] The only other objection to the settlement, filed by Lumbermens', raises issues that do not require an evidentiary hearing, and indeed, Lumbermens' has not requested live witnesses at the fairness hearing.

In addition to being unnecessary to permit a thorough evaluation of the settlement's merits, an evidentiary hearing would impose an unnecessary burden the individuals whom Safeco, Ohio Casualty, and Liberty Mutual wish to examine. It would also impose a needless financial burden on the NWCRP participating companies that are currently funding Settlement Class Counsel—or, if Settlement Class Counsel's fee petitions are granted, on the class, from whose settlement fund Settlement Class Counsel's fees would then be paid. Further, even if an evidentiary hearing were required, Safeco, Ohio, and Liberty Mutual have not established that they are entitled to examine AIG's executives on their settlement strategy. Discovery into such matters may be permitted "only when the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive, as in the General Motors case, where negotiations with one class counsel were carried out in violation of the district court's order." Mars Steel Corp., 834 F.2d at 684. Nothing here indicates that any party to the settlement negotiations—besides Liberty Mutual itself—acted impermissibly, and as the court explained in its order granting preliminary approval, "the complex negotiations leading up to the proposed settlement agreement do not demonstrate collusion."

Without providing any legal support, the instant motion also asks the court to strike the declarations of any of the above-mentioned individuals who are not made available for cross-examination at the fairness hearing. The court denies that request, which ignores the fact that in evaluating a settlement, the court may consider "any information [ ], including affidavits and other items not normally admissible at trial." Williams v. Quinn, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010).

Accordingly, the motion is denied. At the fairness hearing to be held on November 29, 2011, at 10:00 a.m., no party will be permitted to call live witnesses. Oral argument will be limited to the following time allotments:

| | |
|---|---|
| Lumbermens': | 30 minutes |
| Safeco and Ohio: | 30 minutes |
| Liberty Mutual: | 30 minutes |
| Settlement Class Plaintiffs: | 30 minutes |
| AIG: | 30 minutes |

So ordered.

**ENTER:** November 8, 2011

**Robert W. Gettleman**
**United States District Judge**