**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., <u>et al</u>., | ) ) ) | Case No. 07 CV 2898 |
| Plaintiffs, | ) ) ) | Judge Robert W. Gettleman |
| v. | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| ACE INA HOLDINGS, INC., <u>et al</u>., | ) ) ) | |
| Defendants. | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, <u>et al</u>., | ) ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., <u>et al</u>., | ) ) ) ) | |
| Counter-Defendants. | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, <u>et al</u>., | ) ) ) | Case No. 09 CV 2026 |
| Plaintiffs, | ) ) ) | Judge Robert W. Gettleman |
| v. | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| AMERICAN INTERNATIONAL GROUP, INC., <u>et al</u>., | ) ) ) ) | |
| Defendants. | ) | |

**ORIGINAL CLASS PLAINTIFFS' PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING THEIR MOTION FOR
<u>REIMBURSEMENT OF ATTORNEYS' FEES, COSTS AND EXPENSES</u>**

1239668

Safeco Insurance Company of America and Ohio Casualty Insurance Company (together, "Original Class Plaintiffs") respectfully submit these Proposed Findings of Fact and Conclusions of Law in support of Original Class Plaintiffs' Motion For Reimbursement of Attorneys' Fees, Costs and Expenses pursuant to Fed. R. Civ. P. 23(h)(3).

**Proposed Findings of Fact**

Upon reviewing Original Class Plaintiffs' Motion For Reimbursement of Attorneys' Fees, Costs, and Expenses, the materials filed in connection with the motion, and the matter having come before the Court at the November 29, 2011 Fairness Hearing, the Court finds the following facts to be true:

1. In 2007, the National Council on Compensation Insurance ("NCCI"), as attorney-in-fact for all participating members in the National Workers Compensation Reinsurance Pool ("NWCRP"), brought Case No. 07 CV 2898 in this Court (hereinafter, the "2007 Action") alleging, *inter alia*, that AIG had for decades fraudulently underreported its historical workers compensation premium to the NCCI and thereby unfairly avoided its residual market obligations and its obligations to other NWCRP members.

2. On August 20, 2009, this Court dismissed the NCCI's affirmative claims against AIG brought in the 2007 Action for lack of standing. 2007 Action R. 475. Settlement negotiations had occurred in connection with the 2007 case, but AIG withdrew a pending settlement offer made on August 11, 2009 after the Court's August 20, 2009 dismissal order. R. 449-1 at 9-10.

3. This Class Action (a/k/a Case No. 09 CV 2026) was brought by Original Class Plaintiffs in April 2009, prior to the time AIG made any settlement offer in connection with the claims against it. *Id.* After the dismissal of the NCCI action, the Class Action was the only

private sector action that existed in which the liability of AIG to all Class members resulting from AIG's fraudulent conduct was at issue or could be compelled.

4. Between the time the Class Action was filed in April 2009 and the date Settlement Class Plaintiffs' filed their motion to intervene on January 5, 2011 (R. 292), no parties other than Original Class Plaintiffs sought to represent the Class members in the Class Action. At no point in time has any Class member other than Original Class Plaintiffs and Liberty Mutual indicated a willingness to *litigate* the claims against AIG brought in the Class Action (a point noted by AIG during settlement discussions). R.449-22 at 3. Prior to the Class Action being filed, the Settlement Class Plaintiffs were asked to join with Original Class Plaintiffs as class representatives and to help litigate the claims against AIG, and all declined. R. 413-7 at ¶ 7-8.

5. Until the Court permitted intervention and stayed discovery in the Class Action on January 13, 2011, Original Class Plaintiffs and their counsel zealously prosecuted this litigation on behalf of the Class. This was a hotly contested and complex litigation against a defendant (AIG) who defended itself with equal vigor and zealousness. Original Class counsel's work in litigating the case against AIG has been of high quality.

6. Original Class Plaintiffs' prosecution of the Class's claims in the Class Action benefitted Class members in numerous ways, including by preserving the Class's claims against potential statute of limitations defenses, defeating AIG's motion to dismiss regarding all but one claim, and developing evidence during an extensive discovery period regarding AIG's liability and potential damages.

7. Settlement Class Plaintiffs have criticized Original Class Plaintiffs' (and Liberty Mutual's) work related to statisical sampling of AIG's files. However, prior to most of Original Class Plaintiffs' sampling-related expenditures, Magistrate Judge Schenkier ordered that

sampling be undertaken by the parties, approved and appointed an independent expert to supervise the sampling process (Dr. Joseph B. Kadane of Carnegie-Mellon University) and subsequently told the parties that the Court considered sampling to be a "priority" in discovery. R. 73, 76; 4/23/10 Tr. at 8. Only Original Class Plaintiffs and Liberty Mutual undertook and funded the Court-ordered sampling effort against AIG on behalf of the Class. Criticisms that Original Class Plaintiffs should not have engaged in sampling are therefore without merit.

8. The Court finds that work related to sampling, along with Original Class Plaintiffs' other litigation efforts, influenced AIG's willingness to offer $450 million to settle. Indeed, in its July 29, 2010 letter offering $450 million, AIG noted that only Original Class Plaintiffs and Liberty were willing to bring and litigate the Class Action against it and suggested that without their willingness to litigate, AIG would not have agreed to offer $450 million, because its liability exposure would have been much lower. R.449-22 at 3. It is also undisputed that Mr. Leslie's underreporting methodology and his damages calculation arising from it found that the damages (with interest) owed by AIG to the Class was $366 million. R. 351-3 at ¶ 26. It is obvious that AIG paid an amount greater than the Leslie calculations indicated AIG owed because AIG understood that it was exposed to a possible jury finding that damages exceeded this amount, as well as potential punitive and/or RICO damages.

9. Unlike the typical class action, Original Class Plaintiffs paid their counsel, Grippo & Elden, LLC ("Grippo"), Nutter, McClennen & Fish, LLP ("Nutter"), and others employed litigating the Class Action on a monthly basis. R. 449-4 at ¶¶ 3, 6; R. 449-17 at ¶¶ 5, 9; R. 449-20 at ¶ 8. Original Class Plaintiffs' counsel billed for their time at their standard rates. *Id*. It would be unfair to allow the Class to obtain the benefits of the Original Class Plaintiffs' exclusive prosecution of this Class Action without reimbursing Original Class Plaintiffs for the

amounts they actually spent litigating on behalf of the Class.

10. Each bill submitted for reimbursement was actually paid by Original Class Plaintiffs, both sophisticated consumers of legal services, which strongly suggests to the Court that such amounts were reasonable. R. 449-4 at ¶ 7; R. 449-17 at ¶ 15; R. 449-20 at ¶ 10. Accordingly, the Court finds that the amounts sought by Original Class Plaintiffs are reasonable and appropriate and that the work done in prosecuting the case was beneficial to Class members. The Court also finds that the billing rates of Original Class Plaintiffs' counsel who worked on the Class Action are in line with those of comparable lawyers, and that Original Class Plaintiffs were charged standard rates by each law firm that worked for them. R. 449-4 at ¶¶ 3,6; R. 449-17 at ¶¶ 5, 9; R. 449-20 at ¶ 8. The fact that these rates were paid by other clients of these firms further establishes that they are within the market rate for the services rendered to the Class. *Id*.

11. All of the expert work on behalf of the Class for which Original Class Plaintiffs seek reimbursement -- $3,180,153.69 -- should be reimbursed, and the Court finds that these amounts are reasonable and necessary and were beneficial to the Class.

12. The Court finds that costs and expenses for which reimbursement is sought by Original Class Plaintiffs -- $ 552,458.01 -- which include amounts for legal research, travel, copying and document management, are reasonable and necessary and were beneficial to the Class.

13. Original Class Plaintiffs' total reimbursement request of $14,800,890.22 represents approximately three percent of the $450 million settlement recovery. This compares favorably to the amount typically awarded to class counsel in other class actions and reinforces the reasonableness of their request. It also compares favorably to the $60 million that Settlement Class Counsel represents the NWCRP Board has previously authorized to reimburse certain

NWCRP members for their attorneys' fees, costs and expenses, including for *defending* those NWRCP members against claims of underreporting or other misconduct brought by AIG, rather than litigating the Class's affirmative claims against AIG. R. 524-3 at 6; 524 at 11.

14. Indeed, the Court finds that it would be unfair to deny Original Class Plaintiffs' request for reimbursement from the Class Settlement Fund of amounts spent litigating on behalf of the Class (which is comprised of NWCRP members) for nearly two years, when the NWCRP itself has directly reimbursed select Class members, including certain Settlement Class Plaintiffs, for the amounts spent defending themselves against AIG's claims.

15. Settlement Class Plaintiffs object that Original Class Plaintiffs hired two firms rather than one to prosecute the Class Action. However, Settlement Class Plaintiffs cite no specific examples of overstaffing or unnecessary amounts spent, and the Court has found none in its review of its bills. Moreover, AIG, and the Settlement Class Plaintiffs themselves, had two (or more) law firms representing them in connection with the litigation. In all events, it is not uncommon for a class to be represented by more than one law firm, and this is no reason in itself to deny compensation to Original Class Plaintiffs when their counsel took reasonable measures to avoid duplication. The Court therefore rejects Settlement Class Plaintiffs' argument that Original Class Plaintiffs' reimbursement should be reduced or denied because they hired two firms (Grippo and Nutter) to litigate the Class Action on behalf of the Class.

## Proposed Conclusions of Law

1. In a class action, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); Fed. R. Civ. Proc. 23(h). This "common fund doctrine" provides that a party that has "done the entrepreneurial

work" of bringing and prosecuting a class action suit is entitled to a reasonable fee for its efforts. *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 978 (7th Cir. 2003); *see also Gaskill v. Gordon*, 942 F. Supp. 382, 385 (N.D. Ill. 1996) ("The purpose of allowing fees to be paid from a common fund is to spread the costs of litigation proportionately among the class members benefited by the lawsuit.") The doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing*, 444 U.S. at 478.

2. Reimbursement from a class fund extends not only to parties and counsel formally appointed by the court, but also to any party or counsel whose efforts and expenditures benefit the class. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 238-39 (2th Cir. 1987) (law firm entitled to fees where it provided beneficial services early in litigation, even though it withdrew prior to class settlement to represent opt-outs); Fed. R. Civ. Proc. 23(h) Advisory Committee Note (2003) (noting "basis for award to counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel…."); MANUAL FOR COMPLEX LITIGATION (4TH ED.) § 21.71 ("If the court has appointed as class counsel attorneys who did not file one of the original complaints…, attorneys who investigated and filed the case might be entitled to a fee award").

3. By bringing the Class Action against AIG, and by being the only parties who acted to preserve the Class's claims and litigate them for nearly two years, through January 13, 2011, Original Class Plaintiffs provided substantial benefits to the Class. Further, Original Class Plaintiffs' efforts have increased the value of this case since filing it April 2009. Their litigation efforts directly contributed to the present proposed settlement of this case and benefitted the Class.

4. When awarding fees from a common fund in a class action, "courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). "The best evidence of whether attorney's fees are reasonable *is whether a party has paid them.*" *Cintas Corp. v. Perry,* 517 F.3d 459, 469 (7th Cir. 2008) (emphasis added)*; RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010) (same). All of the fees, costs and expenses sought in this motion have been fully paid by Original Class Plaintiffs, who are sophisticated consumers of legal services. The fact that the fees, costs and expenses sought were actually paid by sophisticated legal consumers provides strong evidence of their reasonableness. In addition, the Court has reviewed the bills for the amounts Original Class Plaintiffs seek and finds that they are reasonable and necessary and were beneficial to the Class.

5. In addition to attorneys' fees, reasonable costs and expenses incurred in prosecuting a class action should also be reimbursed, including copying costs, travel expenses, and fees and expenses for experts and consultants. *See, e.g., In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003); *Spicer v. Chicago Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1259 (N.D. Ill. 1993). The Court finds that the costs and expenses sought by Original Class Plaintiffs of $552,458.01, as well as the $3,180,153.69 spent on experts, were reasonable, necessary and beneficial to the Class.

6. Settlement Class Plaintiffs argue that Original Class Plaintiffs' reimbursement should be decreased by the amount of Settlement Class Counsel, Goldberg Kohn's, bills because Original Class Plaintiffs objected to the settlement. But parties are entitled to object to a settlement that they believe is unfair, and the Court is aware of no authority supporting Settlement Class Plaintiffs argument. In all events, such a reduction or set-off in this case is

unwarranted.

7.  All other objections to Original Class Plaintiffs' motion are without merit and are rejected.

8.  The redactions to the bills and other materials submitted by Original Class Plaintiffs in support of their fee petition were necessary and appropriate to protect privileged and work product producted information contained in them. Such materials, so redacted, nevertheless were sufficient to allow the Court to assess the nature and reasonableness of the fees, costs and expenses for which reimbursement is sought and to otherwise analyze the information necessary to evaluate Original Class Plaintiffs' motion.

9.  For the reasons stated above, the Court grants Original Class Plaintiffs' Motion for Reimbursement of Attorneys' Fees, Costs and Expenses and awards reimbursement in the amount of $14,800,890.22 to be paid from the Class Settlement Fund.

Dated: November 17, 2011

Respectfully submitted,

SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY

By: /s/ Matthew O. Sitzer

Michael A. Walsh (admitted *pro hac vice*)
Allison D. Burroughs (admitted *pro hac vice*)
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 439-2775
mwalsh@nutter.com
aburroughs@nutter.com

Gary M. Elden
Gary M. Miller
Matthew O. Sitzer
Daniel M. Hinkle
GRIPPO & ELDEN, LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
gelden@grippoelden.com
gmiller@grippoelden.com
msitzer@grippoelden.com
dhinkle@grippoelden.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **ORIGINAL CLASS PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THEIR MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES, COSTS AND EXPENSES** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on November 17, 2011.

/s/ Matthew O. Sitzer
Matthew O. Sitzer

1239668