IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 CV 2898 |
| vs. | ) ) | District Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) | No. 09 CV 2026 |
| | ) ) | District Judge Robert W. Gettleman |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Magistrate Judge Sidney I. Schenkier |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:   All Parties of Record (ECF Filing)

      PLEASE TAKE NOTICE that on December 5, 2011, we filed with the United States District Court for the Northern District of Illinois the Demonstrative Exhibits which the Settlement Class Plaintiffs tendered to the Court in connection with the hearing of November 29, 2011.

DATED:  December 5, 2011

                                                    Respectfully submitted,

                                                    ACE INA HOLDINGS, INC., AUTO-OWNERS INSURANCE CO., COMPANION PROPERTY & CASUALTY INS. CO., FIRSTCOMP INSURANCE CO., THE HARTFORD FINANCIAL SERVICES GROUP, INC., TECHNOLOGY INSURANCE CO., and THE TRAVELERS INDEMNITY COMPANY

                                                    By   /s/ Frederic R. Klein
                                                            One of Their Attorneys

Frederic R. Klein
William C. Meyers
Kerry D. Nelson
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
(312) 201-4000

**Index of Settlement Class Plaintiffs' Demonstrative Exhibits for November 29, 2011 Final Fairness Hearing**

1. January 20, 2010 Agreement Between NWCRP Board And Liberty Regarding Limits on Negotiating Authority

2. Chronology of Examiner's Role in Procuring $450M Settlement Offer

3. Liberty's Misconduct

4. After Expiration of Objection/Opt-out Period: Support for and Objections to $450 Million Settlement Fund

5. 1% Allocation Chart

6. Summary of Objectors' Position On The Adequacy of Settlement Class Plaintiffs

# January 20, 2010 Agreement Between NWCRP Board And Liberty Regarding Limits On Negotiating Authority



2. Liberty shall promptly advise the Board's outside counsel of any meetings scheduled with AIG and/or David Leslie. Prior to such meetings, Liberty will meet and confer with the Board's representatives to discuss the settlement strategy for such meetings, so that an understanding can be reached as to the settlement strategy to be employed, including disclosure of the opening offers to be made in each session...

4. A Board representative, specifically a company representative from the Settlement Committee, may, in the Board's discretion, attend any meetings with AIG to observe the discussions...

8. Liberty's authority to speak on behalf of the Board will terminate the earliest of the following events:

  a. February 26, 2010, unless extended; or
  b. 24 hours notice from counsel for the Board to counsel for Liberty (in writing or by email)...

*R. 519-1, Settlement Class Plaintiffs' Memorandum of Law in Opposition to Objectors' Motions for Fees and Costs, Exhibit C, Third Supplemental Declaration of Rowe W. Snider, Exhibit A*

# Chronology Of Examiner's Role In Procuring $450M Settlement Offer

## 2009

**May 1, 2009**
Meeting of all participants held at Examiner's offices in Boston, MA; settlement proposals are exchanged but positions of AIG and NWCRP remain far apart

**June 25, 2009**
Examiner and some of the Lead State regulators meet with AIG's CEO and general counsel to encourage AIG to increase its initial settlement offer

**August 11, 2009**
Examiner meets with representatives of AIG and representatives of the NWCRP Board and AIG makes significantly higher cash payment offer ($375M)

**August 20, 2009**
AIG withdraws settlement offer after Court dismisses NCCI complaint

**September 1, 2009**
Examiner writes to counsel for NWCRP Board encouraging settlement discussions to continue

**October 8, 2009**
Examiner writes to Liberty's counsel encouraging settlement discussions to continue

**November 4, 2009**
Examiner shares, at Liberty's direction, Liberty's written preliminary damages position with AIG

**November 5, 2009**
Examiner sends a letter to counsel for the NWCRP Board copying Liberty and its counsel, regarding the status of the premium reallocation process that was ongoing since the outset of the AIG Multistate Examination

**November 19, 2009**
Examiner makes a presentation to representatives of the NWCRP Board and Liberty

**December 2, 2009**
Examiner attends the NWCRP Board's quarterly meeting and makes a presentation to the Board regarding his findings related to AIG's underreporting and urges the NWCRP Board to take actions to facilitate settlement

## 2010

**March 3, 2010**
Examiner, certain Lead State regulators, Merlinos, Liberty, Liberty's outside counsel and a NWCRP Board Representative meet in the Examiner's office to discuss the AIG Multistate Examination's premium reallocation methodology and suggestions for further settlement negotiations

**April 6, 2010**
- Examiner holds meeting at his office with Liberty, its outside counsel and experts, representatives of AIG and its counsel and experts, and Vice-Chair of the NWCRP Board
- Liberty presents its position and the position of the NWCRP Board regarding settlement to the AIG representatives

**June 2010 to July 2010**
Examiner continues to meet with AIG to encourage it to make an enhanced settlement offer

**July 19, 2010**
Examiner and the state insurance regulators encourage AIG during a meeting to proceed per the Examiner's recommendations regarding settlement

**August 26, 2010**
Meeting takes place among various representatives of the NWCRP Board; LLBL; NWCRP litigation counsel (Schiff); various AIG representatives, including litigation counsel and corporate general counsel; Sean McSweeney, Liberty's in-house counsel; Michael Walsh, as lead litigation counsel for Safeco/Ohio Casualty; and the Examiner to discuss global settlement

**October 6, 2010**
NWCRP and the Examiner meet with AIG in failed attempt to increase AIG's offer from $450M to $515M

**Spring to Summer**
Liberty encourages the Examiner to initiate new settlement discussions with AIG

**June 22, 2010**
AIG provides Examiner with a draft residual market settlement proposal

**July 7, 2010**
Examiner sends a letter to AIG's general counsel offering comments on AIG's June 22, 2010 proposal

**July 19 - 29, 2010**
Examiner and AIG's general counsel speak numerous times

**July 29, 2010**
AIG makes a written settlement proposal to settle the litigation in its entirety for a cash payment of $450M and assumption of outstanding residual market claim liabilities

**August 2, 2010**
Examiner communicates AIG's written offer to counsel for the NWCRP Board and counsel for Liberty

**August 9, 2010**
- Sean McSweeney writes to the Examiner indicating a "$500M settlement of the class with AIG at the highest level"
- Thomas Jenkins, on behalf of the NWCRP Board, responds to the Examiner's August 2, 2010 letter requesting a meeting with the Examiner and Russo to further discuss AIG's proposed global resolution

**August 20, 2010**
Thomas Russo, CEO and general counsel for AIG, writes to Examiner regarding Liberty's August 9, 2010 letter and reiterating $450M offer

**September 21, 2010**
Pursuant to the resolution passed by the Board, Jenkins communicates to the Examiner $515M, which letter was authorized by NWCRP Board and Liberty

**September 27, 2010**
Thomas Russo writes to Examiner in response to NWCRP's September 21, 2010 letter and reiterates $450M settlement offer - an offer that accords no value to AIG's counterclaims

# Liberty's Misconduct

| Date | Event |
|---|---|
| **May 8, 2010** | Liberty attends unauthorized meeting with AIG in breach of January 20, 2010 letter agreement with the NWCRP Board |
| **August 9, 2010** | Liberty letter states that it would block a global settlement between AIG and the class for $500 million unless Liberty got a separate significant payment for its non-class claims |
| **September 14, 2010** | Liberty threatens to sue the NWCRP Board members if they tried to negotiate a class settlement with AIG without Liberty's approval |
| **September 15, 2010** | Liberty states during a NWCRP Board meeting that a class settlement of $450 million was reasonable and would be supported by Liberty only if Liberty got a substantial separate payment for its non-Pool claims |
| **January 13, 2011** | Liberty threatens to sue the other AURs |
| **February 14, 2011** | Liberty's General Counsel sends 51 letters to 51 insurance commissioners "urging" them to instruct their agent, David Leslie, not to provide an affidavit in the Chicago residual market litigation |
| **August 18, 2011** | Liberty goes live with a website actually approved by the Court only for Safeco and Ohio Casualty in which Liberty urges class members to opt out or object |
| **October 3, 2011** | Despite urging class members to opt out, in which case they would receive no proceeds from the Plan of Allocation, Liberty objects to preserve its rights to receive $99 million |

## After Expiration Of Objection/Opt-out Period: Support For And Objections To $450 Million Settlement Fund



- Support for Settlement: $350,597,997 — 77.9%
- Opposed: $99,402,003 — 22.1% (Liberty/Safeco/Ohio Casualty)

Lumbermens Objection: No amount under the Plan of Allocation
RLI Opt-out: $458 under the Plan of Allocation

# 1% Allocation Chart*

| Group Name | Cash Distribution |
|---|---|
| Continental Casualty Co. (CNA) | $49,889,408.92 |
| Zurich American Insurance Co. | $25,967,097.76 |
| Firemen's Fund Insurance Co. | $9,802,780.52 |
| Arrowood Insurance Co. (Royal Ins Co. of America) | $9,683,473.87 |
| Nationwide Mutual Insurance Co. | $8,386,722.12 |
| OneBeacon Insurance Co. | $8,332,857.56 |
| Old Republic Insurance Co. | $7,998,727.98 |
| Crum and Forster Insurance Co. | $7,754,131.91 |
| State Farm Fire and Casualty Co. | $6,494,117.87 |
| Electric Insurance Co. | $6,303,935.60 |
| Sentry Insurance Mutual Co. | $5,302,994.85 |
| | **$145,916,248.96** |

*Does not include Settlement Class Plaintiffs

## Summary Of Objectors' Position On The Adequacy Of Settlement Class Plaintiffs



The Objectors' attack on the adequacy of the Settlement Class Plaintiffs boils down to this: if any company does not adopt the Objectors' position in the litigation, those companies are conflicted, and/or they lack the sophistication, knowledge, diligence, and integrity to reach a reasoned decision regarding the adequacy of a settlement...

*R. 386, Settlement Class Plaintiffs' Reply Memorandum of Law in Support of Joint Motion for Class Certification and Preliminary Approval of Class Action Settlement, p. 44*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 5, 2011, he caused a true and correct copy of the Demonstrative Exhibits which the Settlement Class Plaintiffs tendered to the Court in connection with the hearing of November 29, 2011 to be served upon the parties of record via the Court's ECF/electronic mailing system.

/s/ Frederic R. Klein