# novack▸macey

Stephen Novack
snovack@novackmacey.com

December 20, 2011

**FILED ELECTRONICALLY**
**COPY DELIVERED BY HAND**

The Honorable Robert W. Gettleman
United States District Court
Northern District of Illinois
Eastern Division
219 South Dearborn Street
Room 1788
Chicago, IL 60604

      Re:    *Safeco Insurance, et al. v. AIG, et al. -- Case No. 09-CV-2026*

Dear Judge Gettleman:

      We are counsel to AIG and are in receipt of the Court's Order of yesterday requesting, inter alia, that AIG provide the Court with "the total amount of legal fees AIG has incurred in connection with the above-captioned litigation" by 2:00 p.m. today. This aspect of the Order raises a number of concerns for AIG, and we write respectfully to bring them to the Court's attention, and to ask the Court to reconsider its Order as to AIG. We do so by letter given the Order's 2:00 deadline.

      First, we submit that what a client pays its attorney is a private, confidential matter not to be disclosed to its adversaries—particularly while the case is still ongoing. Putting to one side legal malpractice and fee collection proceedings, the only exception of which we are aware is where a party or its attorney seeks reimbursement for or payment of attorneys fees in a fee shifting or class/derivative case. As to AIG, that does not apply to the proceedings now before the Court. AIG is not seeking any reimbursement for its fees, and it should not be required to disclose them. We are not aware of any case requiring the disclosure of a non-petitioning party's fees. And, while we have not found a case directly on point prohibiting the same either, it bears noting that the Seventh Circuit has observed (albeit outside the class action context) that "the amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which [a] petitioner [on the other side] has provided to his clients in a given case." Mirabal v. General Motors Acceptance Corp., 576 F.2d 729, 731 (7th Cir. 1978). Even if a party objecting to a fee

**novack▸macey**

The Honorable Robert W. Gettleman
December 20, 2011
Page 2

award could be ordered to disclose its fees as some sort of "admission" (and we are not aware of any case ordering that), that would also not apply to AIG. As the opt-out period is over, and given that any fee awards will come from the settlement class, AIG will not be objecting to any of the fee petitions at the upcoming hearing.

Second, consistent with the foregoing, AIG considers the amount of fees it has expended on this matter to be sensitive commercial information. To date, AIG has not disclosed the amount of its total fees to any outside party and it remains reluctant to do so, particularly where AIG is not seeking reimbursement of those fees or taking a position on the reasonableness of the fees sought by any other party in this case.

Finally, facts unique to AIG would make it very difficult, if not impossible, to accurately comply with the Court's requests. AIG's lead lawyers have been working not only on this case, but at the same time on related matters, including the NAIC Regulatory Examination and AIG's dispute with state Guaranty Funds. Their fees for this case and those related matters have been billed and tracked in a blended fashion, and we are not sure that the fees for this case can be culled out. At most, AIG, after a significant amount of effort, could provide only an estimate of what was billed on this case.[1]

For all the foregoing reasons, AIG respectfully requests that the Court reconsider its Order as to AIG. Alternatively, if required to disclose its fee information, AIG would ask leave to do so *in camera*. AIG also respectfully requests the opportunity to further address these concerns with the Court prior to attempting to comply with the above-referenced Order.

Respectfully submitted,

*/s/ Stephen Novack*

Stephen Novack

SN:kmz
cc:    All Counsel of Record (*via ECF*)

---

[1] For the same reason, AIG would have difficulty identifying for the Court all of the time keepers who have billed time to this litigation.