IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., ) ) ) Plaintiffs, ) vs. ) ) ACE INA HOLDINGS, INC., et al., ) ) Defendants. ) ) | No. 07 CV 2898 <br><br> District Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., individually and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, ) ) ) ) ) ) Plaintiffs, ) vs. ) ) AMERICAN INTERNATIONAL GROUP, INC., et al., ) ) Defendants. ) | No. 09 CV 2026 <br><br> District Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |

**NOTICE OF FILING**

TO:   All Parties of Record (ECF Filing)

  PLEASE TAKE NOTICE that on December 20, 2011, we filed with the United States District Court for the Northern District of Illinois the **November 18, 2010 and December 8, 2010 NWCRP Board of Governors Resolutions,** attached hereto as Exhibits A-B, as requested by the Court in connection with the hearing scheduled for December 21, 2011.

DATED:  December 20, 2011

Respectfully submitted,

ACE INA HOLDINGS, INC., AUTO-OWNERS INSURANCE CO., COMPANION PROPERTY & CASUALTY INS. CO., FIRSTCOMP INSURANCE CO., THE HARTFORD FINANCIAL SERVICES GROUP, INC., TECHNOLOGY INSURANCE CO., and THE TRAVELERS INDEMNITY COMPANY

By   /s/ Frederic R. Klein
      One of Their Attorneys

Frederic R. Klein
William C. Meyers
Kerry D. Nelson
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
(312) 201-4000

# Exhibit A

November 18, 2010
NWCRP Board of Governors Resolutions

"WHEREAS, NCCI as attorney-in-fact of the NWCRP participating companies filed a lawsuit on May 24, 2007 against AIG and certain of its insurance company subsidiaries to recover damages incurred by the participating companies arising out of AIG's underreporting of voluntary market workers compensation premium; and

WHEREAS, the filing of this lawsuit was authorized by the Board pursuant to resolutions adopted at the Board's January 12, 2007 Board meeting and confirmed at subsequent meetings; and

WHEREAS, the attorney-in-fact lawsuit was dismissed without prejudice on August 20, 2009 for want of Article III standing, but the claims continue to be pursued in a class action lawsuit against AIG filed by Ohio Casualty Insurance Company and Safeco Insurance Company; and

WHEREAS, Liberty Mutual Insurance Company has filed a separate lawsuit against AIG seeking both damages that are related to and damages that are unrelated to Liberty Mutual's participation in the NWCRP; and

WHEREAS, David Leslie forwarded to Board Counsel on August 2, 2010 a settlement proposal dated July 29, 2010 from David Russo, AIG Executive Vice President and General Counsel, together with a draft Settlement Term Sheet which proposed the AIG litigation be settled for a sum of $450M, subject to certain terms and conditions set forth in the draft Settlement Term Sheet; and

WHEREAS, the Board at its September 15, 2010 meeting (a) reviewed Board Counsel's update of the Litigation Analysis, previously reviewed by the Board at its March 23, 2010 meeting, in addition to summaries of information relating to the status of the litigation and settlement discussions presented by Board Counsel, the class action attorneys, the Chair of the NWCRP Settlement Committee and Liberty Mutual, and (b) adopted resolutions authorizing the Settlement Committee to (i) continue settlement negotiations with AIG and David Leslie concerning the Term Sheet submitted by AIG, (ii) continue the negotiations in conjunction with Liberty Mutual, provided the Committee is satisfied that Liberty Mutual is committed to pursuing a mutually beneficial strategy, and (iii) continue the negotiations provided they result in proposed settlement terms under which, subject to court approval, notice and participating company opt out rights, participating companies would receive a sum of money not less than $422M; and

WHEREAS, subsequent to the adoption of the September 15, 2010 resolutions, the Settlement Committee and Board Counsel have had numerous discussions with Liberty Mutual, AIG and David Leslie that have resulted in the settlement negotiations reaching a stalemate because of AIG's and Liberty Mutual's inability to reach agreement concerning Liberty Mutual's claims that are not related to its participation in the NWCRP; and

WHEREAS, Board Counsel has discussed with the Board several proposals, which Board Counsel distributed to the Board on November 4, 2010 to overcome the stalemate and that would permit the settlement discussions to proceed; and

WHEREAS, the Board has discussed at length with Board Counsel and among themselves these proposals and additional proposals presented by Board Counsel at the Board's November 8, 2010 meeting; and

WHEREAS, one of the proposals involves the Board supporting Board members in promptly filing a joint intervention motion in the class action lawsuit for the purpose of requesting the class action court to approve a settlement that would result in the participating companies receiving $450M less the amount AIG pays to the New Mexico Workers Compensation Assigned Risk Pool and reasonable class attorney fees and/or premium approved by the class action court; and

WHEREAS, Firstcomp Insurance Company, Companion Property & Casualty Ins. Co., Ace American Insurance Co., Technology Insurance Co., Auto-Owners Insurance Co., Travelers Insurance Group, and The Hartford have agreed to participate in the filing of a joint intervention motion in the class action lawsuit for the purpose of requesting the class action court to approve a settlement that would result in the participating companies receiving not less than $450M less the amount AIG pays to the New Mexico Workers Compensation Assigned Risk Pool and reasonable class attorney fees and/or premium approved by the class action court; and

WHEREAS, the Board has expended considerable time and effort, and the NWCRP has spent a considerable amount of money since 2005 pursuing the AIG matter in an effort to bring about a fair, adequate and comprehensive resolution of the damages incurred by the participating companies; and

WHEREAS, the Board has concluded that the joint intervention motion is the most practical and cost effective means currently available to the Board for assuring that fair and adequate compensation is received by the participating companies for the damages incurred because of AIG's premium underreporting and is in the best interests of the participating companies.

NOW THEREFORE, BE IT RESOLVED, the Board will support the Firstcomp Insurance Company, Companion Property & Casualty Ins. Co., Ace American Insurance Co., Technology Insurance Co., Auto-Owners Insurance Co., Travelers Insurance Group, and The Hartford in filing a joint intervention motion in the class action lawsuit for the purpose of requesting the class action court to approve a settlement that would result in the participating companies receiving not less than $450M less the amount AIG pays to the New Mexico Workers Compensation Assigned Risk Pool and reasonable class attorney fees and/or premium approved by the class action court.

FURTHER RESOLVED, LLBL and the Settlement Committee are authorized to work with Firstcomp Insurance Company, Companion Property & Casualty Ins. Co., Ace American Insurance Co., Technology Insurance Co., Auto-Owners Insurance Co., Travelers Insurance Group, and The Hartford and their counsel for the purpose of negotiating with AIG and David Leslie proposed settlement terms that will result in (a) participating companies that choose to accept the terms, subject to court approval and notice, receiving their share of a sum of money not less than $450M less the amount AIG pays to the New Mexico Workers Compensation Assigned Risk Pool and reasonable class attorney fees and/or premium approved by the class action court, (b) acceptable terms and conditions for the Term Sheet, and (c) proposed settlement documents.

FURTHER RESOLVED, that LLBL and the Settlement Committee are directed to report to the Board periodically on the progress of the negotiations with AIG and David Leslie.

FURTHER RESOLVED, that LLBL and the Settlement Committee are directed to submit to the Board for final approval the proposed terms and conditions of the Term Sheet and settlement documents.

  **FURTHER RESOLVED,** that LLBL is authorized to work with each of the Board members that participate in filing the joint intervention motion, their counsel and counsel retained to represent the class representatives for the purpose of drafting a joint intervention motion that would be filed in the class action lawsuit after the Term Sheet is executed by the joint intervenors and related settlement documents are finalized.

  **FURTHER RESOLVED,** that LLBL is authorized to represent the Board members that participate in filing the joint intervention motion and that have not been named as defendants in the AIG litigation in connection with drafting, filing and pursuing the joint intervention motion in the class action lawsuit.

  **FURTHER RESOLVED,** that, because the filing of the joint intervention motion is for the purpose of consummating a settlement with AIG that would fulfill the Board's goal of reaching a fair and comprehensive settlement between participating companies and AIG of the damages incurred by the participating companies, the Board hereby authorizes the NCCI as Administrator to (a) pay as NWCRP operational expenses the reasonable costs and expenses incurred by the Board members filing the joint intervention motion related to the preparation, filing and pursuance in court or otherwise of the joint intervention motion, and (b) prepare and implement a procedure for monitoring and approving the Board members' costs and expenses; and

  **FURTHER RESOLVED,** that the Board confirms that, in the event any of the Board members that participate in the filing of the joint intervention motion are (a) sued in their capacity as Board member or participating company for participating in the joint intervention, such Board Members are entitled to be indemnified for costs, expenses, settlements, judgments, etc. arising out their defense of such lawsuit pursuant to Article VII of the Articles of Agreement, subject to Article VII's willful misconduct standard, or (b) sued in a capacity other than as a Board member or participating company for participating in the joint intervention, the NWCRP will pay costs, expenses, settlements, judgments, etc. arising out of such lawsuit as operational expenses, subject only to reimbursement by such Board members in the event the Board members are adjudicated to have engaged in willful misconduct; and

**FURTHER RESOLVED,** that LLBL is directed to advise Liberty Mutual of (a) the action taken by the Board during this meeting, (b) that the arrangement to mutually negotiate with AIG and David Leslie is terminated, and (c) the proposal that the Board would agree that a portion of the settlement amount proposed by AIG for the participating companies would be allocated to the class representatives is withdrawn."

The Chair then instructed Pool counsel to communicate with additional NWCRP participating companies to offer the opportunity to join in the intervention, and for counsel to advise the Board of Governors of the result of these efforts at the December 8, 2010 meeting of the Board of Governors.

# Exhibit B

December 8, 2010
NWCRP Board of Governors Resolutions

"WHEREAS, the Board adopted a resolution at its November 18, 2010 meeting approving payment of the reasonable costs and expenses incurred by Board member participating companies that file a joint intervention for the purpose of consummating a settlement with AIG that would fulfill the Board's goal of reaching a fair and comprehensive settlement between participating companies and AIG of the damages incurred by the participating companies; and

WHEREAS, the companies that intend to file the joint intervention motion have or are in the process of retaining Frederick Klein as their attorney; and

WHEREAS, the companies that intend to file the joint intervention motion have negotiated a fee arrangement with Mr. Klein whereby the companies will submit Mr. Klein's invoices for payment to NCCI as Administrator; and

WHEREAS, the Board's November 18, 2010 resolution provides that the companies shall first pay Mr. Klein and seek reimbursement from NCCI; and

WHEREAS, the Board is satisfied that NCCI paying Mr. Klein directly will provide efficiencies and will not compromise NCCI's ability to monitor the invoices for reasonableness.

NOW THEREFORE, BE IT RESOLVED, that the Board's November 18, 2010 resolution is modified to provide that NCCI is authorized to pay Mr. Klein upon receipt of the invoices and after review for reasonableness."

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that on December 20, 2011, he caused a true and correct copy of the **November 18, 2010 and December 8, 2010 NWCRP Board of Governors Resolutions** to be served upon the parties of record via the Court's ECF/electronic mailing system.

                   /s/ Frederic R. Klein