**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | Case No. 07 CV 2898 |
| Plaintiffs, | District Judge Robert W. Gettleman |
| vs. | Magistrate Judge Sidney I. Schenkier |
| ACE INA HOLDINGS, INC., *et al.*, |  |
| Defendants. |  |
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.*, individually and on behalf Of a class consisting of members of the National Workers Compensation Reinsurance Pool, | Case No. 09 CV 2026 District Judge Robert W. Gettleman |
| Plaintiffs, | Magistrate Judge Sidney I. Schenkier |
| vs. |  |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, |  |
| Defendants. |  |

**SAFECO'S, OHIO CASUALTY'S AND**
**LIBERTY MUTUAL'S RESPONSES TO THE INFORMATION**
**REQUESTS IN THE COURT'S DECEMBER 19, 2011 ORDER**

1262765

Safeco Insurance Company of America ("Safeco"), Ohio Casualty Insurance Company ("Ohio Casualty"), and Liberty Mutual[1] hereby respond to the information requests in the Court's order of December 19, 2011.

1.  Question Number 1 requests information from AIG regarding the amount it has spent in this litigation. AIG has objected to providing this information. Safeco, Ohio Casualty, and Liberty Mutual respectfully suggest that the Court should require AIG to provide this information for the following reasons:

First, AIG filed on October 13, 2011, after the opt-out period had expired, a Statement of Position (Dkt. 511) in which it opposed Liberty Mutual's and Safeco and Ohio Casualty's requests for fees and "respectfully submit[ted] that the Objectors' and Liberty's requests for a substantial fee award should be denied." *Id.* at 3. In doing so, AIG put its own fees at issue.

Second, AIG is mistaken in its assertion that the Court's order requiring AIG to disclose the amount it has spent on this litigation is unprecedented. Local Rule 54.3 requires, assuming no agreement on fees can be reached, that parties opposing a fee petition provide the party seeking fees with information about the fees and costs incurred by the party opposing the petition, as well as time records, hourly rates, and other information. *See Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) ("Defendants' counsel claimed before the district court that its billing records were irrelevant. This position is inconsistent with the letter and spirit of Local Rule 54.3. The rule's purpose is to avoid exactly the type of hypocritical objections presented by the defendants."); *Mostly Memories, Inc. v. For Your Ease*

---

[1] "Liberty Mutual" refers to Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, The First Liberty Insurance Corporation, Employers Insurance Company of Wausau, Wausau Business Insurance Company, Wausau General Insurance Company and Wausau Underwriters Insurance Company.

1

*Only, Inc.*, 594 F. Supp. 2d 931, 934 (N. D. Ill. 2009) ("The purpose of Local Rule 54.3 is to avoid 'hypocritical' objections to the reasonableness of a fee request"); *The Procter & Gamble Co. v. Weyerhaeuser Co.*, 711 F. Supp. 904, 908 n.6 (N.D.Ill. 1989) (court ordered defendant opposing fee petition to provide information regarding its own fees to assist court in assessing fee reasonableness); *Pisut v. Pasavare, Inc.*, No. 03 C 4382, 2005 WL 1138638, at *1 (Apr. 29, 2005) (finding amount spent by defendant relevant to plaintiff's fee petition).

Third, AIG's confidentiality concerns can be addressed by marking the information requested as confidential under the protective order.

Fourth, AIG must be able to break out what it spent in this litigation as opposed to other related litigation, particularly given that AIG was seeking its own attorneys' fees as part of its RICO claims against others. If AIG cannot do so, it could provide the Court the aggregate amount it has spent, including on related matters such as the NAIC Regulatory Examination, along with an estimate of the percentage of that number that was spent on this litigation and a brief explanation of the basis for that estimate.

2. In response to Question Number 2, "the total number of law firms representing Liberty Mutual, the Objectors, and AIG": Safeco and Ohio Casualty have been represented in this litigation by a total of three law firms: Butler Rubin Saltarelli & Boyd LLP ("Butler Rubin"), Nutter, McClennan & Fish, LLP ("Nutter"), and Grippo & Elden LLC ("Grippo & Elden"). Since Butler Rubin withdrew in August 2009, Safeco and Ohio Casualty have been

represented only by Nutter and Grippo & Elden.[2] At the time Butler Rubin represented Safeco and Ohio Casualty, no other firm was representing them.

Liberty Mutual has been represented by one law firm, Butler Rubin, in this litigation.[3]

3. In response to Question Number 3, "the total number of attorneys from each of those firms who billed time in connection with this litigation":

For Nutter, the total number of attorneys who billed any amount of time to this litigation for which Safeco and Ohio Casualty seek reimbursement is 11.

For Grippo & Elden, the total number of attorneys who billed any amount of time to this litigation for which Safeco and Ohio Casualty seek reimbursement is 11.

For Butler Rubin, the total number of attorneys who billed any amount of time to this litigation for which Safeco and Ohio Casualty seek reimbursement is 6.

In total, the number of attorneys who billed any amount of time to this litigation for which Safeco and Ohio Casualty seek reimbursement is 28. This information does not include contract attorneys, summer associates, or attorneys who worked on the case but for whose time Safeco and Ohio Casualty are not seeking reimbursement. An additional 14 attorneys billed time to the matter for which Safeco and Ohio Casualty do not seek reimbursement. Of these 14, 11 billed less than five hours each to the case, another billed less than 15 hours, another billed less than 30 hours, and the last billed 77 hours.

---

[2] In this litigation, the law firm of Neal Gerber & Eisenberg LLP represented Safeco Corporation against AIG's claims against it in the 2007 action. Safeco does not read the Court's order as intended to encompass this firm.

[3] In this litigation, the law firms of Locke Lord LLP and Schiff Hardin LLP have represented Liberty Mutual in its capacity as a participant in, and Board Member of, the NWCRP. However, Liberty Mutual does not read the Court's order as intended to encompass those firms.

Liberty Mutual seeks reimbursement for time spent during this litigation by a total of 12 attorneys, all of whom are from Butler Rubin. An additional 11 Butler Rubin attorneys billed time to the matter for which Liberty Mutual does not seek reimbursement. Of these 11, 2 billed time solely after January 13, 2011, and the remainder billed time either before Liberty Mutual began preparing to file its counterclaims, or with respect to matters for which Liberty Mutual does not seek reimbursement, such as in defense of AIG's claims against Liberty Mutual.

4. Question No. 4 requests information from Settlement Class Plaintiffs, which Safeco, Ohio Casualty and Liberty Mutual assume Settlement Class Plaintiffs will provide separately.

Liberty Mutual, Safeco and Ohio Casualty will be prepared to answer any further questions the Court may have at the December 21, 2011 hearing.

Dated: December 20, 2011

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY | LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, THE FIRST LIBERTY INSURANCE CORPORATION, EMPLOYERS INSURANCE COMPANY OF WAUSAU, WAUSAU BUSINESS INSURANCE COMPANY, WAUSAU GENERAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY |
| By: /s/ Matthew O. Sitzer | By: /s/ James A. Morsch |

4

1262765

Gary M. Elden
Gary M. Miller
Matthew O. Sitzer
Daniel M. Hinkle
GRIPPO & ELDEN, LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
gelden@grippoelden.com
gmiller@grippoelden.com
msitzer@grippoelden.com
dhinkle@grippoelden.com

Michael A. Walsh (admitted *pro hac vice*)
Allison D. Burroughs (admitted *pro hac vice*)
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 439-2775
mwalsh@nutter.com
aburroughs@nutter.com

James I. Rubin
James A. Morsch
Jason S. Dubner
Mark A. Schwartz
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
Chicago, Illinois 60602
(312) 444-9660
jrubin@butlerrubin.com
jmorsch@butlerrubin.com
jdubner@butlerrubin.com
mschwartz@butlerrubin.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **SAFECO'S, OHIO CASUALTY'S AND LIBERTY MUTUAL'S RESPONSES TO THE INFORMATION REQUESTS IN THE COURT'S DECEMBER 19, 2011 ORDER** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on December 20, 2011.

/s/Matthew O. Sitzer
Matthew O. Sitzer

1262765